### BOWICK v. AMERICAN PIPE MFG. CO.

1. EVIDENCE—APPEAL.—Where objection to evidence is made on one ground and Court misunderstands purpose for which testimony is offered, it is duty of counsel to inform Judge of the purpose of the evidence, if he desires to use its exclusion as the basis of an exception.

2. EVIDENCE not responsive to pleadings is irrelevant.

3. THE CHARGE construed as a whole is not liable to the criticism that the Court gave the jury liberty to find for plaintiff without reference to defendant's responsibility therefor, and by reference to pleadings and not to the evidence

4. IBID.—WORDS AND PHRASES.—"Defendant" and its referring pronouns held to have been used for "plaintiff" and not to have been misleading.

Before ALDRICH, J., Charleston, November, 1903. Affirmed.

Action by T. S. Bowick against American Pipe Manufacturing Co. From judgment for plaintiff, defendant appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *On cross-examination, it is competent to test witness' accuracy*

*of memory:* 1 Green. on Ev., sec. 446. *Jury should not be instructed to decide a case according to the pleadings, but according to evidence also:* 41 S. C., 440; 11 Ency. P. & P., 158; 4 Tex. App., 602; 22 S. E., 705; 30 S. E., 287. *As to "slips of the tongue" in charge:* 32 S. C., 392; 36 S. C., 479.

*Messrs. Legare & Holman* and *F. M. Bryan,* contra, cite: *Use of one word apparently for another in charge could not mislead:* 65 S. C., 340. *Attention of Judge should be called to error of statement:* 68 S. C., 37.

July 7, 1904.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages alleged to have been sustained by the plaintiff through negligence on the part of the defendant.

Paragraph 1 of the complaint alleges the corporate existence of the defendant, and that it was engaged in the business of laying pipes and mains through the streets of the city of Charleston for the purpose of constructing a system of water works therein.   Paragraphs 2 and 3 contain the following allegations:

"2. That heretofore, on the 5th day of April, A. D. 1903, the defendant above named, in the course of its said business, caused to be cut a deep excavation across Columbus street, one of the public streets of the city of Charleston, at a point where the same passes through Hampstead Mall, and that the said defendant negligently and carelessly failed and omitted to display lights or to give other warning of the presence of such excavation.

"3. That heretofore, on the 5th day of April, 1903, between the hours of seven and eight o'clock in the afternoon, plaintiff was driving a vehicle over and along Columbus street, drawn by a horse, and that by reason of the failure of the defendant to display lights or give notice of said excavation, as aforesaid, so cut across Columbus street, the

plaintiff was unaware of the existence of said excavation, and he drove into the same * * *."

The defendant denied the material allegations of the complaint, and set up the defense of contributory negligence. The jury rendered a verdict in favor of the plaintiff.

The defendant's first exception is as follows:

"Because the presiding Judge erred in sustaining the objection of the plaintiff's counsel to the following question asked Lieutenant of Police Steenken, a witness for the plaintiff, by defendant's counsel, upon the cross-examination of that witness, to wit: 'Was it your observation that the light was lit or not lit, when these trenches were open over town?' The question having been asked to test the accuracy of the memory and knowledge of the witness with reference to the location of lights in the city by the defendant company—and the witness having testified as to the location of lights in other parts of Columbus street than the place in question." When said question was asked, the plaintiff's attorney objected to it on the ground that it was irrelevant; whereupon the Court said: "My understanding is that the object of the question is as to the habit of defendant at other places. Objection sustained." The defendant's attorneys did not then state that the question was asked to test the accuracy of the memory and knowledge of the witness with reference to the location of lights by the defendant. When the presiding Judge stated his understanding as to the purpose for which the testimony was offered, it was incumbent on the defendant's attorneys to correct him, if he was in error, in case they wished to make his ruling a ground of appeal.

The testimony, however, was clearly irrelevant, as it was not responsive to the allegations of the complaint.

The second exception is as follows: "Because the presiding Judge erred in charging the jury as follows: 'Now, in regard to the question of damages, the defendant alleges that he has been injured, as described in the complaint, in his

person, and has suffered from anguish and injuries, as he has stated. If so, then you would give him damages which would compensate him for the injuries to his person, injuries sustained at that time, injuries which may be permanent, and which may continue, or pain resulting therefrom which he may suffer hereafter in the future, if you find he will suffer any, and for any injury done to his person. You have heard the allegations of the complaint, and of the answer, so that the question would be, if you find that the plaintiff is injured, you take into consideration what pain he has suffered, injury he has sustained, past, present or future, which may be continuous in its nature. I mean the expenses he has been put to, the actual loss resulting immediately from said injury, and you would find for your verdict what he was entitled to, and the form of your verdict would be, we find for the plaintiff so many dollars, writing it out in words; don't use dollar marks and figures. If your verdict be for defendant, write simply, we find for the defendant.' The Judge having, in this charge, given the jury liberty to find for the plaintiff, if they found he was injured, as therein described, without reference to the question as to who was responsible for that injury, and having referred the jury therein to the pleadings for their guidance, and not also to the testimony."

The record shows that his Honor, the presiding Judge, elsewhere, in his charge, instructed the jury fully as to the law of negligence, and contributory negligence. Furthermore, he charged in express language that the burden of proof was on the plaintiff, to establish every material allegation of the complaint *by the preponderance of the testimony.* The charge must be considered in its entirety, and when so construed, that portion set forth in the exception was not misleading.

The third exception is as follows: "Because the presiding Judge erred in charging the jury as follows: 'Thereupon the whole case, all the testimony in the case, the defendant must make out his case by the preponderance of the testi-

4   mony, in order to entitle him to a verdict;' the effect
    of such charge being to put the burden of proof upon
the whole case upon the defendant instead of the plaintiff."
The words "his" and "him," in that part of the charge set
out in the exception, could not have referred to the defendant
corporation, and necessarily referred to the plaintiff.   The
use of the word "defendant" for "plaintiff" shows upon the
face of the charge that it was a mere slip of the tongue, espe-
cially when considered in connection with the other portions
of the charge.

   Judgment affirmed.