5752

STATE v. GILBERT *ET AL.*

(93 S. E. 125.)

1. CRIMINAL LAW—APPEAL AND ERROR—DENIAL OF NEW TRIAL.—Refusal of a new trial in a criminal case will not be disturbed if the evidence sustains the conviction.

2. CRIMINAL LAW—PARTIES TO OFFENSE—PRINCIPALS.—In crimes and misdemeanors less than a felony, persons aiding in the offense are guilty, if at all; as principals.

3. CRIMINAL LAW—PARTIES TO OFFENSE.—All parties aiding in committing a felony or misdemeanor pursuant to a common design, etc., are guilty.

4. ASSAULT AND BATTERY—JURY QUESTION.—Evidence that defendants gathered to encourage and, if necessary, aid others in beating prosecuting witness makes their guilt of assault and battery a jury question.

444          State v. Gilbert.

Before Wilson, J., Bishopville, June, 1916.   Affirmed.

J. Ellis Gilbert and others were convicted of assault and
battery, and appeal.

*Messrs. Kelley & Levy* and *John H. Clifton,* for appel-
lants.

*Mr. Solicitor Stoll,* for respondent, submits: *Evidence
not reviewable on appeal:* 65 S. C. 510; 68 S. C. 53 and
119.   *Common design of defendants:* 1 Brev. 310.   *Charge:*
79 S. C. 97.

*Messrs. McLeod & Dennis,* also for respondent.

*Mr. F. A. Miller,* also for respondent, cites: *As to aiding
and abetting:* 97 S. C. 442; 94 S. C. 26; 51 L. R. A. (N.
S.) 718.   *Cross-examination:* 98 S. C. 182.   *Sentence:*
Crim. Code, sec. 105; 58 S. C. 436; 68 S. C. 196; 88 S.
C. 229; 86 S. C. 370.   *Charge not on facts:* 86 S. C. 49
and 377; 82 S. C. 144; 49 S. C. 296; 88 S. C. 164; 94 S.
C. 29; 98 S. C. 338; 58 S. C. 379; 65 S. C. 331; 47 S. C.
521; 103 S. C. 271.

July 12, 1917.

The opinion of the Court was delivered by Mr. Justice
Watts.

The defendants-appellants were tried and convicted of
an assault and battery of a high and aggravated nature
upon the person of Miss Emily Broadway, before Judge
Wilson and a jury, at the June term of the Court, 1916,
for Lee county.   At the close of the State's testimony
and at the close of all the testimony a motion was made
for a verdict of acquittal as to Rawton Gilbert and Lawton

Gilbert upon the ground that there was not sufficient evidence upon which to base a conviction as to them. This motion was refused. After conviction a motion for a new trial was made and refused. After sentence defendants appeal.

Exceptions 1 and 2 impute error on the part of the Judge in not directing a verdict of acquittal as to Rawton Gilbert and Lawton Gilbert, and later in not granting a new trial as to them on the ground that the record does not disclose evidence enough to warrant the verdict of guilty as to them.

A refusal to grant a new trial will not be disturbed if there is evidence to sustain the verdict. The evidence in the case discloses the fact that Miss Broadway was principal of Liberty Hill school, and Ruby Gilbert and Lawton Gilbert were pupils in the school. A few days before Miss Broadway was assaulted and beaten she suspended Ruby from school. After this suspension Miss Broadway was requested by two of the trustees of the school to meet the father of Ruby to adjust the matter. While on the way to school and the proposed meeting as arranged by the trustees, Miss Broadway, accompanied by her friend and fellow teacher, Miss Ethel Logan, was stopped on the public road by the Gilberts and severely beaten. This beating was inflicted by the women of the Gilbert family. None of the men, according to the evidence, actually struck her, but there is evidence that all were present during the assault. There is evidence that Lawton Gilbert and Rawton Gilbert, with their father, Ellis Gilbert, surrounded Miss Logan, Miss Broadway's companion and assistant teacher, while the female members of the Gilbert family were assaulting and beating Miss Broadway, and prevented Miss Logan from interfering. Rawton Gilbert was not a pupil in the school, but was present at the difficulty. There is evidence that the men joined the women when they came out of the house where

the meeting was arranged for by the trustees; that they conferred together, and after that went and did meet Miss Broadway and her companion, and were present and saw the severe punishment inflicted on Miss Broadway.

It is the law that in crimes or misdemeanors under the degree of felony all persons concerned therein, if guilty at all, are principals. All persons who are present at the commission of an unlawful act in aiding or abetting in the act or assisting or to afford assistance if necessary in pursuance of a common design to commit an unlawful act are principals.

If several persons in pursuance of a common design to commit an unlawful act, whether it be felony or misdemeanor, set out together or in small parties, and each takes the part agreed upon or assigned him, some to commit the act, others to watch at proper distances and stations to prevent interference or surprise or to encourage the commission of the unlawful act or to favor, if necessary, the escape of those immediately engaged in the commission of the unlawful act, under these circumstances, if the unlawful act is committed, the act of one is the act of all and all are presumed to be present and guilty; for this would be in pursuance of a common purpose in a common cause with them each operating in his station at one and the same instant to arrive at a common end. The act of each would tend to give countenance, encouragement and protection to the whole gang and to insure the success of the common undertaking in the commission of the unlawful act.

It is in evidence that all of the male Gilberts were of age, except one, and there was sufficient evidence in the case for the jury to say whether they gathered together for the unlawful, common purpose of assaulting and beating Miss Broadway, and that the whipping was done in pursuance of that common design, and that all were present for the purpose of actually participating

or participating if necessary in carrying out their unlawful design. If they were there to carry out the unlawful designs in pursuance of a common design participating actually or potentially if necessary then all were guilty, the act of one was the act of all. There was ample evidence to submit the case to the jury. These exceptions are overruled.

Exception 3 was abandoned.

Exception 4 complains that his Honor's sentence was severe, excessive and disproportionate to the offense committed. This is overruled for the reason that there is nothing to sustain this alleged error on the part of a capable, upright, impartial and high-minded Judge who tried the case and imposed the sentence.

Exceptions 5, 6, 7 and 8 complain of error in the Judge's charge as being incorrect in law and a charge on the fact. A careful examination of the Judge's charge as a whole fails to disclose any reversible error or anything that was prejudicial to the defendants.

We cannot refrain from calling attention to and expressing our disapproval of the want of manhood exhibited by the trustee in not protecting or making an effort to protect Miss Broadway when she was so outrageously assaulted and beaten. Fortunately, it is not often that a lady of delicacy, education and refinement is called upon to undergo such harrowing and unpleasant experience, and it is equally as fortunate that so few men would tolerate and fail to protect a lady under similar circumstances. Miss Broadway was unfortunate in being insulted and beaten and unfortunate in not meeting with the manly protection she had every reason to assume would be afforded her by the trustee of the school. We have expressed our disapproval of such conduct on the part of the trustees.

All exceptions are overruled. Judgment affirmed.