19383

The STATE, Respondent, v. Jerry Lee COX, Appellant
(187 S. E. (2d) 525)

*Benard R. Fielding, Esq.,* of Charleston, *for Appellant.*
*Robert B. Wallace, Esq., Sol.,* of Charleston, *for Respondent.*

March 7, 1972.

BRAILSFORD, Justice:

The appellant was convicted of violating Section 46-359, Code of 1962, as amended, making it a misdemeanor "for any motor vehicle driver . . . to fail to stop when signaled by any law-enforcement vehicle by means of a siren or flashing light." The appellant assigns three grounds of error: the exclusion of certain evidence; the trial court's refusal to direct a verdict in his favor; and the submission to the jury of the issue of guilt based on aiding and abetting another in the commission of the crime.

Shortly past midnight on the morning of March 2, 1970, State Highway Patrolman Kennerly, driving west on Interstate Highway 26 near Charleston, saw two cars stopped side-by-side in the two eastbound lanes. The officer drove some distance further, then crossed the median which divides the highway, approached the two cars from behind, and stopped in back of them. One was a 1969 Pontiac, the other a new Chevrolet. Immediately, both cars raced away. After a high-speed chase of several miles, during the last half of which the patrol car's siren and flashing light were in continuous operation, Patrolman Kennerly succeeded in stopping both cars on the shoulder of the highway. The officer approached the Pontiac, stood at the driver's door, and shone his flashlight into the driver's face. He directed

the driver to get out his license and to wait while the driver of the Chevrolet was similarly instructed. When Kennerly began walking toward the Chevrolet, the Pontiac sped away. The ensuing chase, again at high speed and again with siren and flashing light operating, ended when the Pontiac left the roadway, sliding for some distance on its right side and coming to rest in that position. Two occupants exited through the driver's window and attempted to flee. Patrolman Kennerly, judging himself able to catch either one of the pair but not both, chose to apprehend the one whom he recognized as having been the driver. When caught, the appellant protested that he had been only an intoxicated passenger. He disclaimed any knowledge of the driver's identity at that time. At the trial, however, he accused his roommate, one Vaught, of having been the driver. Appellant testified:

"Well, I didn't want to get (Vaught) in trouble. I figured if I could take it on myself we'd come out a whole lot better, you know, and just keep him out of it, because I did get caught and he got away, so why bring somebody else into it."

At the trial, Patrolman Kennerly unequivocally identified appellant as the driver of the Pontiac. He based the identification on his view by flashlight of appellant's face at close range after the initial chase, and on the fact that appellant's blonde hair contrasted unmistakably with that of his brown-headed passenger when illuminated from the rear by the patrol car's spotlight during the second chase.

The Pontiac belonged to appellant. He and Vaught, friends for many years, had spent the day with their girlfriends in Myrtle Beach, then returned to Charleston that night and visited some taverns before the events on I-26. The appellant claimed that he was intoxicated and asleep in the passenger's seat during the initial chase.

Appellant contends that his motion for a directed verdict should have been granted because the arresting officer's identification of him as the driver was

unworthy of belief. This contentiton, which goes solely to the credibility of the testimony, is manifestly without merit. A verdict of innocence may not be directed in the face of any substantial evidence reasonably pointing to the guilt of the accused. *State v. Jordan,* 255 S. C. 86, 177 S. E. (2d) 464 (1970), and cases cited therein.

The appellant's girlfriend came to Charleston the day after the arrest, and spoke to his companion Vaught. She testified as follows:

". . . I asked (Vaught) where Jerry was and he told me he was in jail and I asked him why and he said they had had an accident and—"

The prosecutor interrupted at that point, objecting that "(a)nything he told her is hearsay." Defense counsel rejoined: "It goes to the *res gestae,* your Honor." The trial judge sustained the prosecutor's objection and defense counsel stated: "We will accept that, your Honor." The defense made no offer to show what the witness' testimony would have been.

The appellant now asserts that this witness would have related self-incriminatory statements made to her by Vaught. But there is no indication in the record of what evidence the witness was prepared to give. We may not review error alleged in the exclusion of testimony " 'unless the record on appeal to this court shows fairly what the rejected testimony would have been.' " *Legrande v. Legrande,* 178 S. C. 230, 182 S. E. 432, 436, 102 A. L. R. 582 (1935). The respondent rightly observes that Vaught's self-incriminatory statements might have related to Vaught's own role as passenger, rather than as driver. Moreover, the theory of admissibility which appellant urged at the trial was meritless and has been abandoned. He now contends that the statements, whatever they might have been, were admissible as declarations against penal interest. Appellant may not now rely on a ground of admissibility different from that urged at trial. *Bowick v. Ameri-*

*can Pipe Manufacturing Company,* 69 S. C. 360, 48 S. E. 276 (1904); 4 C. J. S. Appeal and Error § 291 (1957). For these reasons, the exclusion of the testimony is not reviewable here.

In overruling the motion for a directed verdict, the trial judge expressed the view that even if the jury believed that appellant was a passenger in the car, he could nonetheless be convicted if the jury found that he aided and abetted the commission of the crime. Appellant's subsequent motion for a directed verdict on the issue of aiding and abetting was denied, and the jury was charged on the law of principals.

Although not a ground of exception, appellant argues in his brief that he was "not indicted for aiding and abetting." This argument has no basis since one who is present, aiding and abetting the commission of a crime, is a principal, *State v. Jiles,* 230 S. C. 148, 94 S. E. (2d) 891 (1956), and may be convicted on an indictment charging him alone as such. *State v. Hunter,* 79 S. C. 73, 60 S. E. 240 (1908); 42 C. J. S. Indictments and Informations § 260 (1944).

Appellant's chief contention is that the jury, if it believed him to have been only a passenger, was left with no substantial evidence that he aided Vaught in the commission of the crime.

The appellant and Vaught had been friends for a number of years. On the night in question, after returning to Charleston from a visit with their girlfriends, they went drinking together. When first seen by Patrolman Kennerly, the appellant's Pontiac was stopped on the interstate highway alongside another automobile. The strong inference, doubtless drawn by the jury, is that a race was in the offing. Appellant's ownership of the car, inferably poised for an illegal race when the episode began; his failure to exercise his right of control over the operation of the car; his flight from arrest and subsequent attempt to hide Vaught's iden-

tity; and his own testimony at trial, combine to form the basis for a reasonable inference of complicity, even if the jury believed him to have been a passenger and not the driver.

While we have found no decision on analogous facts involving a similar statute, we find persuasive those decisions in which the non-driving owners of automobiles have been convicted of violating hit-and-run statutes. The cases are collected at 62 A. L. R. (2d) 1130, Sec. 4 (1958). See, *e. g., James v. Commonwealth,* 178 Va. 28, 16 S. E. (2d) 296 (1941).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.