## 19600

The STATE, Respondent, v. Earl Clyde MARSHALL, Appellant.

(195 S. E. (2d) 709)

324

*Messrs. Ernest B. Hinnant* and *Hugh L. Willcox, Jr.,* of Florence, *for Appellant,*

*Messrs Daniel R. McLeod, Atty Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia *for Respondent,*

March 28, 1973.

LEWIS, Justice:

Appellant, indicted for murder, was convicted in the Court of General Sessions for Florence County of manslaughter and received a sentence of nine (9) years. He was indigent and three attorneys were appointed to represent him, one of whom had less than five years experience as an attorney and the others with more than five. At his arraignment, only the attorney with less than five years experience was present. Upon the call of the case for trial, with all of the appointed attorneys present, motions were made for a continuance and refused. Reversal of the conviction is sought upon the grounds (1) that appellant was not properly represented at his arraignment, since he was represented at the time only by an attorney with less than five years experience; and (2) that his motion for a continuance should have been granted.

Appellant contends that the failure of the court to provide him with an attorney at his arraignment, who had five or more years experience, deprived him of the right to counsel which the law required. This contention is based upon Section 17-507 of the 1962 Code of Laws, which provides that where counsel is appointed for an accused in a capital case, one of the counsel "shall have a minimum of five years of practice before the bar."

There is no contention that counsel who appeared with appellant at his arraignment was incompetent, nor is there any showing that appellant was not competently represented at the time. When arraigned, appellant entered a plea of not guilty; and there is no intimation that he would have entered any different plea if his other counsel had been present. While it is stated that if counsel with more

than five years experience had been present they "could have made some motions perhaps that would have been granted," the record is devoid of any fact or circumstances showing that any motions could or would have been made, other than those which were made and entertained by the court. The mere fact that appellant was represented at his arraignment by counsel of less than five years experience did not deprive him of any right afforded under the foregoing statute, in the absence of prejudice therefrom; and the record contains no such showing of prejudice.

The remaining exceptions charge error in the refusal of the motion for a continuance. The motion was made upon the grounds that there had not been sufficient time in which (1) to obtain the presence of certain witnesses and (2) to adequately and properly prepare a defense in the case.

Motions for a continuance are addressed to the sound of discretion of the trial judge and his rulings thereon will not be disturbed in the absence of a showing of abuse of such discretion.

Appellant was arrested and charged with the crime on February 14, 1970. Counsel was appointed to represent him on February 20, 1970 and an inquest was held on February 23d, three days later. Although the record does not show the date, it was agreed in oral argument that the trial began about March 11, 1970, which was about twenty-five days after the arrest of appellant and nineteen days after the appointment of counsel.

Of the witnesses who were not present at the trial and whose presence appellant desired, the name of one and the whereabouts of two others were unknown; and a third, who fired his pistol and was allegedly struck by a bullet at the time of the killing in question, was either in, or on his way home from, Hot Springs, Arkansas.

We find no basis upon which to hold that the trial judge abused his discretion in refusing the motion for a continuance. While there are some statements

in the record that the absent witness in Arkansas thought the trial of appellant would not be held until April, instead of March, there is no showing that his presence could not have been obtained by the exercise of due diligence in informing him of the date of trial. The wife of this absent witness was present, standing beside her husband, when appellant allegedly killed the deceased with her husband's pistol. She testified in appellant's behalf and was permitted to testify as to certain statements made by her husband at the time. From the statements of counsel at the trial, as to what the testimony of the absent witness would be, the testimony of this witness would not have been materially different from that of other witnesses for the appellant.

The record shows that defendant was ably represented and that ample time was afforded in which to prepare for trial. The motion for continuance was properly denied.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.