20400

The STATE, Respondent, v. Howard Lee HILL, Sr., Appellant.

(234 S. E. (2d) 219)

*Jack H. Lynn, Esq.,* of Greenville, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Sally G. Young, Staff Atty.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

April 13, 1977.

NESS, Justice:

Appellant was convicted of armed robbery and sentenced to twenty-five years imprisonment. We find no error in this trial and affirm.

Appellant contends his constitutional rights were violated because no preliminary hearing was held. It is conceded that the demand for a preliminary hearing was not made to the proper magistrate. Having failed to comply with § 43-232, Code of Laws, 1962, appellant waived his right to a preliminary hearing. *State v. Taylor,* 255 S. C. 268, 178 S. E. (2d) 244 (1970).

Appellant next asserts error in the refusal of the trial judge to grant writs of *habeas corpus ad testificandum* and his motion for a continuance. The former is without merit as the trial judge repeatedly agreed to sign the writs but they were never produced. We perceive no abuse of discretion in the denial of the motion for a continuance. *State v. Marshall,* 260 S. C. 323, 195 S. E. (2d) 709 (1973).

Appellant's discovery motion was refused because he would not comply with Standing Order 75-2 of the Greenville County Court which dictates reciprocal or mutual discovery. The appellant chose not to avail himself of the availability of mutual discovery under the County Court's Standing Order. There is no merit in his contention of "compelled self-incrimination" since participation in the procedure in the County Court is voluntary. The preliminary hearing statutes provide the only pretrial discovery rights in criminal cases. *State v. Flood,* 257 S. C. 141, 184 S. E. (2d) 549 (1971).

Appellant additionally asserts the deprivation of exculpatory material obtainable by way of *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963). "[T]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs,* 427 U. S. 97, 96 S. Ct. 2392, 2400, 49 L. Ed. (2d) 342 (1976). The record clearly indicates appellant was given copies of the statements of each witness for the State. Moreover, the trial judge specifically inquired and was assured that the State had withheld no statements which were favorable to the Appellant.

We overrule this exception as there has been no showing of the omission of any specific evidence which would constitute constitutional error. Although the appellant does not have to show, and indeed may be unable to show, that the evidence which he seeks to have produced would be admissible at the trial, he does have to show some

better cause for inspection than a mere desire. This he has failed to establish. Therefore, it does not appear how further investigation could have aided the appellant.

During the cross-examination of one of the State's witnesses, the response "not an ex-felon" was interjected in reference to the Appellant, who had not testified or put his character in issue. Appellant's motion for a mistrial based on this incident was denied. However, the trial judge cured any possible prejudice by striking the question and the answer and instructing the jury to completely disregard the testimony. The denial of motion for a mistrial did not constitute an abuse of judicial discretion. *State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976).

Error is next asserted in the jury charge. After the main instructions, to which the Appellant neither objected nor requested additional charges, the jury returned for a clarification. At this point, Appellant for the first time requested additional charges which were rejected. By failing to object or requesting additional instructions to the main charge, Appellant waived any objection to similar subsequent instructions. *Lundy v. Lititz Mutual Ins. Co., Inc.,* 232 S. C. 1, 100 S. E. (2d) 544 (1957).

Appellant attempted to impeach the credibility of a witness by introducing a prior conviction of tampering with an automobile in 1966. The trial judge refused admission of the testimony holding that the offense did not involve moral turpitude. We need not reach this issue as it appears in the record that the previous conviction was too remote to possess the requisite probative value for admission.

Finally, Appellant asserts error in the denial of his motion for a directed verdict. The evidence must be viewed in the light most favorable to the State and any evidence, direct or circumstantial, reasonably tending to prove the guilt of the accused creates a jury issue; presence at the scene of a crime by pre-arrangement to aid, encourage,

or abet in the perpetration of the crime constitutes guilt as a principle. *State v. Arnold, supra; State v. Green,* 261 S. C. 366, 200 S. E. (2d) 74 (1973). There was evidence indicating the Appellant had previously discussed the robbery with the perpetrators. Although he may have been unaware of the final planning of the robbery and did not accompany the perpetrators, Appellant did appear at the scene twice and there is testimony that he actually viewed the commission of the crime. Appellant not only later explained his presence to one of the perpetrators as accommodating but he also received a portion of the proceeds of the robbery. The evidence justified submission of the case to the jury.

The trial judge conducted the trial, and counsel for each party presented his case, with commendable fairness and dignity. In the present state of the law it appears that the jury's solution of the Appellant's and the State's problems is proper, and that no ground exists upon which we may interfere with due process of the law to which both the State and the Appellant are entitled.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.