20486

The STATE, Respondent, v. Doc TOLBERT, Appellant.

(237 S. E. (2d) 55)

*George W. Speedy,* of Camden, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Robert N. Wells, Jr., Asst. Atty. Gen.,* of Columbia, and *William R. Hare, Sol.,* of Chester, *for Respondent,*

August 10, 1977.

LEWIS, Chief Justice:

Appellant was tried under two separate indictments, one charging unlawful possession of Amphaplex and the other the unlawful possession of quaalude, both controlled substances or drugs. He was acquitted of the first charge but convicted on the second, i.e., unlawful possession of a quantity of quaalude. The indictment under which appellant was convicted charged that he did:

knowingly and intentionally possess a quantity of quaalude, a controlled substance under provisions of Act No. 445, Acts of 1971, . . . as amended (Section 32-1510.21 *et seq.,* Code of Laws of South Carolina, as amended), such substance not having been obtained as authorized by law.

It is undisputed that the case was tried, submitted to the jury, and the appellant sentenced, upon the basis that the indictment charged a violation of Code Section 32-1510.49(c) which provides:

It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.

In the charge to the jury, the trial judge read Section 32-1510.49(c) and its penalty provision set forth in Section 32-1510.49(d), the latter providing for a sentence of not more than six months or a fine of $5,000.00, or both. Without explanation, Code Section 32-1510.51(a)(3) was read to the jury, but not its penalty provisions which provide for a sentence of not more than five years or $10,000.00, or both, (Section 32-1510.51[b]). The language of the instruction from Section 32-1510.51(a)(3) was as follows:

It shall be unlawful for any person knowingly or intentionally to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge.

Appellant contends that the foregoing instruction to the jury from Section 32-1510.51(a)(3) was error.

The essence of the offense under Section 32-1510.49(c), of which appellant was charged and convicted, was the possession of a controlled substance or drug without having obtained it pursuant to a "valid prescription." A "valid prescription" is one lawfully procured from a physician in the course of the treatment of a patient's illness. A prescription obtained by deception or subterfuge would not be a valid prescription.

Since the trial judge instructed the jury that the charge against appellant was laid under Section 32-1510.49(c), the effect of also reading to the jury the quoted language from Section 32-1510.51(a)(3) was to charge that a prescription obtained by misrepresentation, fraud, forgery, deception, or subterfuge would not be a valid prescription of a practitioner under Section 32-1510.49. This instruction constituted a correct statement of the law.

Section 32-1510.51(a)(3) makes it unlawful "to acquire *or* obtain possession of a controlled substance by deception, etc. There is nothing to indicate that the word "or" was used in other than its ordinary meaning, indicating an alternative

such as "either one or another." As such, it denotes a difference in meaning between the phrases "to acquire" and "obtain possession." See: *United States Fidelity and Guaranty Co. v. Security Fire and Indemnity Co.*, 248 S. C. 307, 149 S. E. (2d) 647.

Therefore, our holding that a prescription obtained ■ by subterfuge or deception is not a "valid prescription" for the purpose of establishing unlawful possession under Section 32-1510.49(c) does not render Section 32-1510.51(a)(3) superfluous, since the latter section is not concerned solely with the element of possession. Thus a person could be convicted under Section 32-1510.51(a) (3) of *acquiring* a controlled substance through deception without proof that the substance was found in his possession, or he could be convicted under either section if the drugs acquired by deception were in his possession. Appellant in this case received the benefit of the lesser penalties provided under Section 32-1510.49(c).

The exception charging error in the instructions to the jury is overruled.

Appellant contends under the remaining exceptions that there was no evidence to sustain his conviction.

There was evidence that, at the time of appellant's arrest he had on his person five (5) bottles containing drugs. Subsequent examination of the contents of these bottles resulted in the two (2) indictments against appellant. One of the bottles was found to contain twenty and one-half (20½) pills of the drug quaalude, which contains the controlled substance, Methaqualone. The quaalude pills were in a prescription bottle for the controlled substance Placidyl. Appellant was arrested on January 8, 1976 and the prescription for Placidyl, in which the quaalude pills were found, was issued to appellant on September 25, 1975. In addition, it was inferable from the testimony that appellant had obtained five or six prescriptions for quaalude during a two month

period from several doctors located in different counties of the State.

The record supports a finding either (1) that appellant, with the quaalude pills in a Placidyl bottle, came into possession of the quaalude other than through a lawful prescription, or (2) that his visits to several different doctors within a two month period and his procurement of a prescription for quaalude from each was the result of misrepresentation and deception.

All exceptions are overruled and the judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.