21684

The STATE, Respondent, v. Pressley CHAVIS, Appellant.

(290 S. E. (2d) 412)

*Appellate Defender John L. Sweeny,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy P. Funkhouser,* Columbia, *for respondent.*

April 6, 1982.

*Per Curiam:*

Appellant was convicted of armed roberry and sentenced to twenty (20) years' imprisonment. He alleges the trial court erred in denying his motion for a directed verdict, which was based upon the lack of evidence of appellant's presence at the scene when the crime was committed. We disagree and affirm.

Appellant met with three other men to plan the robbery of Sansbury's Grocery Store in Oates, South Carolina. He supplied two of the conspirators with sawed-off shotguns, masks, and gloves, and shortly before the robbery he drove them to the scene. After "checking out" the store, the three men joined the fourth conspirator. Appellant then left the others and awaited the commission of the crime while playing cards at a local establishment approximately three miles from Sansbury's. Later, the four men met at a designated location and upon appellant's instruction, drove to Florence, South Carolina, to divide the proceeds.

Guilt as a principal is established by presence at the scene as a result of prearangement to aid, encourage, or abet in the perpetration of a crime. *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219 (1977), *cert. denied,* 434 U. S. 870, 98 S. Ct. 211, 54 L. Ed. (2d) 147 (1977). When several people pursue a common design to commit an unlawful act and each takes the part agreed upon or assigned to him in an effort to insure the success of the common undertaking," . . . the act of one is the act of all and all are presumed to be present and guilty . . ." *State v. Gilbert,* 107 S. C. 443 at 446, 93 S. E. 125 at 126 (1917). The language of *Gilbert* has been applied where a defendant plans the commission of a crime with others and then waits, outside town, for their return. *State v. Blackwell,* 220 S. C. 342, 67 S. E. (2d) 684 (1951).

On appeal from the denial of a motion for a directed verdict, evidence must be viewed in a light most favorable to the State. *State v. Butler,* S. C., 290 S. E. (2d)

1, (1982). Any evidence, direct or circumstantial, reasonably tending to prove the guilt of the accused creates a jury issue. *Id.* In the present case, evidence indicates appellant helped plan the robbery, appeared at the scene prior to the crime, provided necessary weapons and tools, and received a portion of the proceeds. Even though he did not accompany the actual perpetrators, submission of the case to the jury is justified. *State v. Hill, supra;* 77 C. J. S. *Robbery* § 32 (1952).

Appellant also alleges the lower court erred in failing to give a jury instruction on the law of alibi. His failure to request the instruction when given an opportunity to do so constitutes waiver of any right to raise the issue on appeal. *State v. Ham,* 268 S. C. 340, 233 S. E. (2d) 698 (1977), *cert. denied,* 434 U. S. 1019, 98 S. Ct. 740, 54 L. Ed. (2d) 765 (1978).

Accordingly, we affirm appellant's conviction for armed robbery.