## 22656

The STATE, Respondent v. Bennie Lee JOHNSON, Appellant.

(352 S. E. (2d) 480)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood, South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. Donald V. Myers,* of Lexington, *for respondent.*

Heard Dec. 9, 1986.

Decided Jan. 19, 1987.

*Per Curiam:*

Appellant Bennie Lee Johnson was convicted of murder and robbery. He was sentenced to life imprisonment for murder and ten years for robbery. Appellant appeals his conviction, alleging the trial court erred in failing to direct a

verdict because of the insufficiency of the evidence. We reverse.

The deceased was found lying face down in a ditch clad only in long pants, shoes and socks. His pants pockets were turned inside out; and under and around the body were found several personal items, including cigarettes and a comb. The victim had been severely beaten and choked. He suffered injuries to the head, throat and chest, any of which was sufficient to have caused death. His back revealed several bruises and a pattern of abrasions consistent with the bottom of tennis shoes.

The police received a pair of tennis shoes from appellant. The State's expert witness testified that he was unable to positively identify the appellant's tennis shoes as having caused the abrasions on the victim's back or the tracks leading away from the body, but that they could have caused the injury.

A statement given to the police by the appellant was admitted into evidence. Appellant stated that he and a friend, Jeff Addy (Jepp), were together on the day of the killing when they came upon the victim walking through the park. Jepp suggested they go over and ask the victim for a dollar, and the appellant accompanied him. When the victim told them he had no money, Jepp began hitting and beating the victim and took the man's wallet. Appellant further stated he tried verbally and physically to stop the attack, and that he had not reported the crime because Jepp threatened to kill him if he said anything about the incident.

At the conclusion of the state's case-in-chief, counsel for appellant moved for a directed verdict. The trial court denied the motion. Appellant presented no defense at trial, and this appeal followed.

Murder is the unlawful killing of another with malice aforethought, express or implied. S. C. Code Ann. § 16-3-10 (1985). Malice has been defined as the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. *State v. Fuller*, 229 S. C. 439, 93 S. E. (2d) 463 (1956); *State v. Harvey*, 220 S. C. 506, 68 S. E. (2d) 409 (1952). There is no evidence in the record the appellant actually caused the death of the victim. To the contrary, the only testimony presented was a statement by the appellant that he tried to stop the attack inflicted by Jepp.

The State relies on the theory of accomplice liability to support the conviction of appellant. This Court has held that where two persons combine to commit an unlawful act and, in execution of the criminal act, a homicide is committed by one of the actors as a probable or natural consequence of those acts, all present participating in the unlawful act are as guilty as the one who committed the fatal act. *State v. Crowe*, 258 S. C. 258, 188 S. E. (2d) 379 (1972), *cert. denied*, 409 U. S. 1077, 93 S. Ct. 691, 34 L. Ed. (2d) 666. Mere presence at the scene of a crime is insufficient to convict one as a principal on the theory of aiding and abetting. *State v. Green*, 261 S. C. 366, 200 S. E. (2d) 74 (1973).

Viewing the evidence in the light most favorable to the State, we deem the evidence insufficient to show appellant acted maliciously and aided and abetted Jepp in the commission of the murder or the robbery. The only testimony presented at trial directly placing appellant at the scene of the crime was a statement given by the appellant wherein he denied he struck the victim and that he attempted to stop Jepp from beating the victim. Although there was evidence of some zig-zag marks on the victim's back which were likely caused by a tennis shoe with a pattern similar to the tennis shoes worn by appellant, this testimony was inconclusive to show the marks were caused by appellant's tennis shoes, and it was also unclear as to the nature of the abrasions. As admitted by the State's expert witness, the marks on the back were not of crushing force and could have been caused by someone trying to pull someone off the victim. We conclude that the evidence presented by the State was insufficient to sustain a conviction of murder and a direct verdict should have been granted.

The only evidence of robbery is contained in the appellant's statement; and therefore, the State has failed to produce proof *aliunde* of the *corpus delicti* aside from appellant's exculpatory statement. *In re Perkins*, 276 S. C. 378, 278 S. E. (2d) 781 (1981).

The appellant's conviction of murder and robbery are reversed and the matter is remanded to the trial court for a judgment of acquittal on the charges.

Reversed.

HARWELL, J., not participating.