22704

The STATE of South Carolina, Respondent v. Kirk R. LEONARD and Richard E. Harrison, Jr., of whom Kirk R. Leonard is, Petitioner.

(355 S. E. (2d) 270)

Supreme Court

*Jack B. Swerling,* of *Swerling & Harpootlian,* and *F. Patrick Hubbard,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Jan. 5, 1987.

Decided April 13, 1987.

NESS, Chief Justice:

We granted certiorari to review the decision of the Court of Appeals in this case reported at 287 S. C. 462, 339 S. E. (2d) 159 (Ct. App. 1986). We reverse and remand for a new trial.

Petitioner Leonard and his codefendant Harrison spent several hours driving to different nightspots and consuming beer. They stopped for gasoline, and, shortly after returning to the highway, their vehicle crossed the median and struck another vehicle. The driver of the second vehicle was killed.

Harrison and Leonard were indicated for reckless homicide. At trial, testimony as to the identity of the driver at the time of the accident was disputed. Both defendants were convicted of reckless homicide.

The Court of Appeals affirmed. Only Leonard sought review in this Court.

Leonard argues the trial judge's charge was erroneous in that it did not require the jury to determine the identity of the driver before attempting to determine guilt.

The trial judge charged the jury the reckless homicide statute, S. C. Code Ann. § 56-5-2910 (1976), which reads in part:

> When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the *person so operating such vehicle* shall be guilty of reckless homicide.
> (emphasis added).

The trial judge instructed the jury "the word 'person' . . . shall be held to include the plural." He also read to the jury § 56-5-6120 (1976), which provides:

> It is unlawful for the owner or any other person employing or otherwise directing or the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.

Neither of the defendants was indicted for this offense.

The judge's charge included a discussion of accomplice liability, and also the language of § 56-5-6120 (1976), which codifies the doctrine of accomplice liability with respect to vehicular crimes.

Vehicular crimes are unique in that there can ordinarily be only one "driver" of the vehicle at the time the offense is committed. *See,* S. C. Code Ann. § 56-5-400 (1976). The guilt of other participants, if any, can only be based on a theory of accomplice liability. *See, State v. Cox,* 258 S. C. 114, 187 S. E. (2d) 525 (1975). Thus, when two or more defendants are jointly tried for a vehicular crime, the elements of proof as to the driver will be different than the elements of proof as to the other defendants. When different proof is required for each of multiple defendants, the trial judge's charge must clearly delineate the proof required as to each. *See, State v. Collins,* 266 S. C. 566, 225 S. E. (2d) 189 (1976).

A defendant may be convicted on a theory of accomplice liability on an indictment charging him only with the principal offense. *State v. Cox, supra; State v. Hicks,* 257 S. C. 279, 185 S. E. (2d) 746 (1971). When, however, two or more defendants are charged as principals in a vehicular crime, the jury must be instructed to first determine which of the defendants was the driver of the vehicle at the time of the offense. The instructions should then set forth the elements of the primary offense (in this case, reckless homicide) and should specify applicability only as to the driver. *See, State v. Dutch,* 246 N. C. 438, 98 S. E. (2d) 475 (1957).

The jury should then be instructed to determine whether the other defendants are guilty as aiders or abettors. Presence at the scene of the crime by pre-

arrangement to aid, encourage or abet in the perpetration of the crime constitutes guilt as a principal. *State v. Chavis,* 277 S. C. 521, 290 S. E. (2d) 412 (1982); *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219 (1977). When two persons combine to commit an unlawful act and, in execution of the criminal act, a homicide is committed by one of the actors as a probable or natural consequence of those acts, all present *and participating* in the unlawful act are guilty of the homicide. *State v. Johnson,* 291 S. C. 127, 352 S. E. (2d) 480 (1987). The act of one is the act of all. *State v. Collins, supra; State v. Gilbert,* 107 S. C. 443, 93 S. E. 125 (1917).

In order to be guilty as an aider or abettor, the participant must be chargeable with knowledge of the principal's criminal conduct. Mere presence at the scene is not sufficient to establish guilt as an aider or abettor. *State v. Johnson, supra; State v. Green,* 261 S. C. 366, 200 S. E. (2d) 74 (1973).

The trial judge's charge may have confused the issues as to guilt as a driver and guilt as an aider or abettor. Therefore, it could have suggested to the jury both defendants could be convicted of reckless homicide without applying separate standards of proof. *See, State v. Collins, supra.* Under the charge in this case, the jury, faced with a difficult factual question as to the identity of the driver, could have resolved the issue by convicting both defendants to insure a conviction of the driver. The charge must clearly explain to the jury that this is not permissible.

Leonard also argues the judge erred in charging § 56-5-6120 to the jury, since it defines a criminal offense for which neither of the defendants was charged. Generally, it is not error to read to the jury a statute defining a crime with which the defendant is not charged, if the purpose is to enlighten the jury regarding the issues before it. *State v. Tolbert,* 269 S. C. 210, 237 S. E. (2d) 55 (1977). When, however, the inclusion of the non-charged offense has the effect of confusing the issues the jury must determine, the statute should not be read to the jury. *See, e.g., State v. Woods,* 189 S. C. 281, 1 S. E. (2d) 190 (1939). The purpose of instructions is to enlighten the jury and to aid it in arriving at a correct verdict. It is error to give instructions which are calculated to confuse or mislead the jury. *State v. Hewitt,* 205 S. C. 207, 31 S. E. (2d) 257 (1944).

Here, the inclusion of § 56-5-6120 in the charge may have added to the confusion regarding the separate inquiries applicable to each defendant. Under these circumstances, we agree the statute should not have been charged to the jury.

Leonard's conviction is reversed and his case is remanded for a new trial consistent with this opinion.

Reversed and remanded.

CHANDLER, and FINNEY, JJ., and Acting Associate Justice LAWRENCE E. RICHTER, Jr., concur.

GREGORY, J., dissents.

GREGORY, Justice, dissenting:

I respectfully dissent. I agree with the Court of Appeals' decision in this case reported at 287 S. C. 462, 339 S. E. (2d) 159 (Ct. App. 1986), and would dismiss the petition for writ of certiorari as improvidently granted.