THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Samuel Hepburn,       
Appellant.
 
 
 

Appeal From Chesterfield County
Sidney T. Floyd, Circuit Court Judge

Unpublished Opinion No. 2003-UP-632
Submitted October 6, 2003  Filed October 
 22, 2003

AFFIRMED

 
 
 
Deputy Chief Attorney Joseph L. Savitz, III, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh and Assistant Deputy Attorney General Donald J. Zelenka, 
 all of Columbia; and Solicitor Jay E. Hodge, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Samuel Hepburn appeals his 
 murder conviction arguing he should have been granted a directed verdict because 
 there was no evidence he acted with malice aforethought.  We affirm pursuant 
 to Rule 220(b)(2), SCACR and the following authorities:  State v. Fennell, 340 
 S.C. 266, 270, 531 S.E.2d 512, 514 (2000) (In reviewing the denial of a motion 
 for a directed verdict, the evidence must be viewed in the light most favorable 
 to the State.  If there is any direct evidence or substantial circumstantial 
 evidence reasonably tending to prove the guilt of the accused, the appellate 
 court must find that the case was properly submitted to the jury.); S.C. Code 
 Ann. § 16-3-10 (2003) (providing murder is the killing of any person with malice 
 aforethought, either express or implied); State v. Johnson, 291 S.C. 
 127, 128, 352 S.E.2d 480, 481 (1987) (noting malice has been defined as the 
 wrongful intent to injure another and indicates a wicked or depraved spirit 
 intent on doing wrong); State v. Campbell, 287 S.C. 377, 379, 339 S.E.2d 
 109, 109 (1985) (holding malice may be implied from use of a deadly weapon); 
 State v. Ballington, 346 S.C. 262, 272, 551 S.E.2d 280, 285 (Ct. App. 
 2001) (holding that although malice must be aforethought, malice is not required 
 to exist for any appreciable amount of time before the act is committed). 
 [1] 
AFFIRMED.  
STILWELL, HOWARD, and KITTREDGE, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.