THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 The State, Respondent,
 v.
 James Nichols
 Padgett, Appellant.
 
 
 

Appeal from Pickens County
G. Edward Welmaker, Circuit Court Judge
Memorandum Opinion No. 2010-MO-017
Heard May 25, 2010  Filed July 26, 2010   
REVERSED

 
 
 
 Katherine
 Dunbar Landess, of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport and Assistant Attorney General Mark
 R. Farthing, all of Columbia, and Robert Mills Ariail, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Appellant
 James Nichols Padgett appeals his
 conviction of leaving the scene of an accident resulting in death.  We reverse.
I.
Appellant was involved in a car accident in which the
 driver of the other vehicle died.  Immediately following the collision,
 Appellant called 911, gave his full name
 and precise location, and informed the dispatcher that he had just been
 involved in an accident.  Police arrived and found the other driver trapped in
 her car, but Appellant was not at the scene.  
The following
 morning at 5:40 a.m., a security guard at a business located near the scene of
 the accident called 911 to report that Appellant had walked up to the guard
 shack and stated he had just been in an accident.  The security guard stated
 Appellant was "scratched up" and dirty, but was not in need of an
 ambulance.  Appellant was arrested and indicted for leaving the scene of an
 accident resulting in death.
At trial, Appellant
 testified that he remembered exiting his car after the collision and trying to
 open the other driver's car door to help her out of the car, but was
 unsuccessful.  Appellant did not recall what happened in the hours immediately
 following the accident.  Appellant testified the next thing he remembered was
 walking up to the side of the road, recalling that the accident occurred, and
 walking through the parking lot to the guard shack.  Dr. Price, an expert in
 brain injuries and post-traumatic amnesia, testified that at the time Appellant
 made the 911 call, he may have been on the verge of "decompensating,"
 meaning he was "highly upset, losing control."  Dr. Price further
 opined that the 911 call from the security guard indicated Appellant thought
 the accident had just occurred and this was consistent with post-traumatic
 amnesia or dissociative amnesia.  The jury found Appellant guilty of leaving
 the scene of an accident resulting in death. 
II.
During the jury
 charge conference, Appellant's counsel requested the trial court read verbatim
 S.C. Code Ann. §§56-5-1210 and 1230 (2007), the statutes under which Appellant
 was charged.  The trial court denied counsel's request and instead gave its own
 charge.  In the charge, the trial court indicated the State had to prove four
 elements in order to convict Appellant of the charge.  Counsel again requested
 the trial court read the statutes.   
Shortly
 after deliberations began, the jury sent a note stating "please provide a
 copy of the law read by the judge when charging the jury at the end of the trial." 
 The trial court brought the jury in and instructed them to identify "the
 particular parts of the instruction that I gave you that you'd like read
 again."  The jury submitted a second note stating "what does the law
 require you to submit before you may leave an accident scene?" 
 Appellant's counsel again requested the trial court read the statutes
 verbatim.  The trial court again declined and recharged the jury.  In the
 second charge, the trial court indicated statutes under which Appellant was
 charge required the State to prove six elements in order to convict.   
Appellant
 argues the trial court's instructions were erroneous.  We agree.  The jury's
 initial note and the subsequent note asking "what does the law require you
 to submit before you may leave an accident scene?" indicates that the jury
 was unsure on the law and was unclear as to the State's burden of proof.  The
 trial court's first instruction indicated the State must prove four elements,
 however the second instruction indicated the State was required to prove six
 elements.  Moreover, Appellant's counsel recognized the potential for confusion
 and, in response, requested the trial court read the statutes to the jury.  
A
 jury instruction must be viewed in the context of the overall charge.  See
 State v. Hicks, 330 S.C. 207, 218, 499 S.E.2d 209, 215 (1998).  While a
 court is not required to give any particular verbiage, instructions may not confuse
 or mislead the jury.  State v. Leonard, 292 S.C. 133,
 137, 355 S.E.2d 270, 273 (1987).  Indeed, the purpose of instructions is to
 enlighten the jury and to aid it in arriving at a correct verdict.  Id.  When viewing the initial charge setting forth four elements in conjunction with
 the jury's notes and the second charge setting forth six elements of the crime,
 we find the two sets of instructions likely confused the jury.  Furthermore,
 given the fact that there was not overwhelming evidence of guilt, we cannot say
 that beyond a reasonable doubt, the error did not contribute to the verdict.[1]  Keaton ex rel.
 Foster v. Greenville Hosp. Sys., 334 S.C. 488, 498, 514 S.E.2d 570, 575
 (1999) (holding that in order to find a confusing jury charge harmless,
 "we must determine beyond a reasonable doubt that the error complained of
 did not contribute to the verdict."); see also State v. Belcher, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) (recognizing that erroneous jury instructions are subject to
 a harmless error analysis).  Therefore, under the particular
 facts and circumstances of this case, we hold the instructions were erroneous
 and prejudicial.  We therefore reverse Appellant's
 conviction and remand for a new trial.
REVERSED
 AND REMANDED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

[1]  Appellant
 additionally seeks reversal on the basis of the solicitor's improper question
 to Appellant concerning intoxication.  Although the State acknowledges the
 inappropriateness of this inquiry, we do not reach this issue as a standalone
 basis to reverse.  We do, however, examine the totality of the evidence in
 assessing whether there was overwhelming evidence of guilt.  In this regard,
 guilt is not overwhelming and the clear prejudice resulting from the
 solicitor's highly improper question concerning intoxication further undermines
 a finding of harmless error.