THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Mokeia Hammond, Appellant.
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-476   
 Submitted October 1, 2011  Filed October
26, 2011

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 John McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of
 Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Mokeia
 Hammond appeals her conviction for armed robbery, arguing the circuit court
 erred in denying her motion for a directed verdict because the State failed to
 present any direct or substantial circumstantial evidence that Hammond was more
 than merely present when the robbery occurred.  We affirm.[1]
An appellate court reviews
 the denial of a directed verdict by viewing the evidence and all reasonable
 inferences in the light most favorable to the State.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "If there is any direct
 evidence or any substantial circumstantial evidence reasonably tending to prove
 the guilt of the accused, [an appellate court] must find the case was properly
 submitted to the jury."  Id. at 292-93, 625 S.E.2d at 648.  The
 circuit court may not consider the weight of the evidence.  Id. at 292,
 625 S.E.2d at 648.  A circuit court should grant a directed verdict motion when
 the evidence merely raises a suspicion the accused is guilty.  State v.
 Lollis, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001).  "Under the 'hand
 of one is the hand of all' theory [of accomplice liability], one who joins with
 another to accomplish an illegal purpose is liable
 criminally for everything done by his confederate incidental
 to the execution of the common design and purpose." State v. Condrey,
 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002).  Mere presence and
 prior knowledge a crime was going to be committed, without more, is
 insufficient to constitute guilt.  Id. at 195, 562 S.E.2d at 325.  However,
 "presence at the scene of a crime by pre-arrangement to aid, encourage, or
 abet in the perpetration of the crime constitutes guilt as a [principal]."
  State v. Hill, 268 S.C. 390, 395-96, 234 S.E.2d 219, 221 (1977).  
In viewing the evidence in
 the light most favorable to the State, substantial circumstantial evidence
 existed showing Hammond's guilt.  See Weston, 367 S.C. at 292-93,
 625 S.E.2d at 648.  Another passenger in the car testified he heard the
 announcement they were going to "do a lick" and understood this to
 mean they were going to commit a robbery.  After this announcement, Hammond
 continued to drive to the parking lot to meet the victim and then drove the car
 away from the scene after the robbery and shooting occurred.  While mere
 presence and prior knowledge a crime was going to be committed are not enough
 to find a defendant guilty, here, Hammond continued to act as driver after her
 co-defendant stated his criminal intentions and after the crime was committed. 
 Because Hammond knew of the plan in advance, was present, and aided in the
 commission of the crime by driving, substantial circumstantial evidence existed
 that reasonably tended to prove Hammond's guilt.  Accordingly, the circuit court
 did not err in denying Hammond's motion for a directed verdict.
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.