**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shaun Rogers, Jr., Appellant.

Appellate Case No. 2019-001778

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2022-UP-261
Submitted May 1, 2022 – Filed June 15, 2022

**AFFIRMED**

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

**PER CURIAM:** Shaun Rogers, Jr., appeals his convictions for first-degree
burglary and attempted armed robbery and his concurrent sentences of twenty
years' imprisonment. On appeal, Rogers argues the trial court abused its discretion

in denying his motion for a directed verdict because there was no evidence Rogers had knowledge of his co-defendant's intent to engage in criminal conduct and, therefore, he was merely present at the scene.

We hold the trial court did not err in denying Rogers's directed verdict motion because there was substantial circumstantial evidence from which the jury could conclude Rogers actively participated in the burglary and attempted armed robbery.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, [appellate courts] will review errors of law only . . . . [and are] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("Under accomplice liability theory, 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.'" (quoting *State v. Langley*, 334 S.C. 643, 648-49, 515 S.E.2d 98, 101 (1999))); *State v. Leonard*, 292 S.C. 133, 137, 355 S.E.2d 270, 272 (1987) ("Mere presence at the scene is not sufficient to establish guilt as an aider or abettor."); *Mattison*, 388 S.C. at 480, 697 S.E.2d at 584 ("However, 'presence at the scene of a crime by pre-arrangement to aid, encourage, or abet in the perpetration of the crime constitutes guilt as a [principal].'" (quoting *State v. Hill*, 268 S.C. 390, 395-96, 234 S.E.2d 219, 221 (1977))); *State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("On appeal from the denial of a directed verdict in a criminal case, an appellate court must view the evidence in the light most favorable to the State."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt."); *Zeigler*, 364 S.C. at 103, 610 S.E.2d at 863 ("The appellate court may reverse the trial judge's denial of a motion for a directed verdict only if there is no evidence to support the judge's ruling.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.