20391

The STATE, Respondent, v. Robert Lee SMITH, Appellant.

(234 S. E. (2d) 19)

*Edmund H. Robinson, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen.,* and *Perry M. Buckner, Staff Atty.,* of Co-

lumbia, and *Robert B. Wallace, Sol.,* of Charleston, *for Respondent,*

March 28, 1977.

GREGORY, Justice:

The appellant, Robert Lee Smith, was arrested on April 14, 1971, and charged with the murder of Mrs. Meta Fogle, whose body was found in a wooded area near McClellanville, in Charleston County.

The Charleston Family Court held a series of hearings in the case, determined that there was probable cause to believe appellant committed the crime as charged, and bound the case over to General Sessions for trial. Appellant was indicted by the Charleston County Grand Jury, and the case was called for trial on January 27, 1972, before the Honorable E. Harry Agnew, Presiding Judge of the Ninth Judicial Circuit.

In a pretrial conference in chambers, Judge Agnew ruled that appellant's confession was inadmissible as a matter of law. The State appealed Judge Agnew's pretrial order. This

Court reversed in an opinion issued November 20, 1972, and remanded the case for trial. *State v. Smith,* 259 S. C. 496, 192 S. E. (2d) 870 (1972).

On September 11, 1975, the case was called for trial in the General Sessions Court of Charleston County, the Honorable Rodney A. Peeples presiding. During the course of the trial, the State proffered the confession of the appellant. The trial judge conducted an extensive hearing outside the presence of the jury. After hearing testimony and arguments from both sides, the judge ruled the confession admissible. The jury subsequently returned a verdict of guilty of murder, and the appellant was sentenced to life imprisonment.

In this appeal appellant's exceptions raise three questions:

I. Did the trial court err in finding that appellant knowingly and intelligently waived his privilege against self-incrimination at the post-polygraph interrogations? (Exceptions II, III and IV).

II. Did the trial court err in finding that appellant knowingly and intelligently waived his right to counsel at the post-polygraph interrogation? (Exception I.)

III. Did the trial judge err in finding the alleged oral confession of the appellant voluntary? (Exception I).

The record reveals that the appellant is a thirteen year old who, with his mother, upon being questioned by SLED agent Wrenn, agreed to go to Columbia to take a lie detector test to determine if he was telling the truth in this matter. The appellant and his mother were fully advised that he did not have to take the test and that the results of the test were not admissible in court. They agreed to take the test, the mother stating she did not desire an attorney for her son.

On April 14, 1971, the appellant, his mother, and his aunt were taken to Columbia to SLED Headquarters to take the test. Appellant and his mother were taken into the polygraph room by Lieutenant Windham and advised of their rights.

They were also informed as to how the polygraph worked and each of the questions that would be asked during the test. The officer testified that he read through each of the provisions on the rights form which contained both the *Miranda* warnings and the waiver provisions for the polygraph; that after reading each provision on the written form, he would stop and ask both the appellant and his mother if they understood, and if they did not, he would further explain what the form meant. The form contained among other things the following:

"6.—That I have been advised that should I take a lie detector examination that any statement made by me after such examination can be used against me in a court of law, such statement to be given by me on my free will and accord without anyone forcing me or threatening me and without promise of reward or hope of reward."

"7.—I hereby acknowledge or say that I have been read or have read the above statement on my rights and that I understand them fully and that I do hereby waive these rights and agree to be questioned without a lawyer being present."

Both the appellant and his mother again agreed for him to take the test and acknowledged by signing a waiver form.

After the test was administered to the appellant, he was informed that he was not telling the truth. The appellant then proceeded to confess to the murder, describing in detail how he had tricked the deceased by taking her into the woods on the pretense of going to a boy scout meeting.

Appellant asserts that the State failed to prove that he knowingly and intelligently waived his privilege against self-incrimination. He does not question the procedure employed by the trial court which arose from *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964) and recognized by this Court in *State v. Richardson,* 253 S. C. 468, 171 S. E. (2d) 717 (1969); *State v. Bellue,* 259 S. C. 487, 193 S. E. (2d) 121 (1972); *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712 (1969); *State v. Lee,*

255 S. C. 309, 178 S. E. (2d) 652 (1971); and *State v. Valenti,* 265 S. C. 380, 218 S. E. (2d) 726 (1975). Rather, appellant contends that the State failed to prove a valid waiver during the course of the *Jackson v. Denno* hearing. It has been uniformly held, a confession may be introduced upon proof of its voluntariness by a preponderance of the evidence. *Lego v. Twomey,* 404 U. S. 477, 92 S. Ct. 619, 30 L. Ed. (2d) 618 (1972).

It clearly appears that there was ample evidence from which the trial court found that the appellant intelligently waived his privilege against self-incrimination. The decisions are voluminous that the signing of a written waiver is usually sufficient. *Brooks v. U. S.,* 416 F. (2d) 1044 (5th Cir. 1969); *Menendez v. U. S.,* 393 F. (2d) 312 (5th Cir. 1968); *U. S. v. Chapman,* 448 F. (2d) 1381 (3rd Cir. 1971). Significantly, appellant and his mother both verbally acknowledged their understanding to the polygraph operator and subsequently endorsed their acknowledgement in writing.

Appellant next contends that the failure by the examiner to bring his mother into the polygraph room before informing the appellant that the test indicated that he was not telling the truth prevents a valid waiver. This Court has refused to adhere to such a rule. *In re Williams,* 265 S. C. 295, 217 S. E. (2d) 719 (1975). The mere absence of the appellant's mother from the polygraph room does not preclude a finding of waiver. We have heretofore held in this case, that *Miranda* warnings did not have to be repeated. *State v. Smith, supra.* It should also be noted that no evidence was presented which established that the appellant was illiterate or incapable of understanding the information presented to him.

Finally, the appellant asserts that the trial judge erred in finding the alleged oral confession of the appellant voluntary. Appellant admits that the trial court correctly stated the standard for voluntariness in quoting from *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct.

2041, 36 L. Ed. (2d) 854 (1973). Rather, appellant asserts that the trial court failed to consider his isolation from his mother as a factor bearing on the voluntariness issue. The record clearly reveals that this factor was considered by the court. In fact, the trial judge quoted at length from *In re Williams, supra,* in which this Court refused to adopt the rule that any inculpatory statement obtained from a minor in the absence of his parents was inadmissible *per se.*

After reviewing the entire record and briefs, we are of the view that the exceptions of the appellant are without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.