22015

The STATE, Respondent, v. Thomas Floyd JENNINGS, Appellant.

(309 S. E. (2d) 759)

*Asst. Appellate Defender William Isaac Diggs*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. General Harold M. Coombs, Jr.,* and *Staff Atty. Carol P. Black,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

December 6, 1983.

LEWIS, Chief Justice:

Appellant was convicted of burglary, armed robbery, and assault and battery with intent to kill. He received life imprisonment for the burglary charge; a consecutive twenty-five (25) year sentence for armed robbery; and a concurrent fifteen (15) year sentence for assault and battery with intent to kill. Error is charged in (1) the admission into evidence of an alleged confession and (2) the instructions to the jury on implied malice. The first charge of error goes to the basis for conviction of all offenses while, under the second, reversal is sought only of the conviction for assault and battery with intent to kill. We find no merit in the first ground of appeal, but sustain the second as patent error.

Appellant, twenty-two (22) years of age, with a hearing deficiency, and described as "mildly" retarded, was arrested and, after being in custody for about three (3) days, was questioned by the officers as to his connection with the burglary of a home in Rock Hill, South Carolina, and the stabbing of the resident. His interrogation, according to the officers, followed an explanation and understanding of the *Miranda* Warnings. *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694. Appellant admitted that he committed the crime and signed a confession which was admitted into evidence after an *in camera* hearing and a finding by the trial judge that the confession was freely and voluntarily made.

The record before the trial judge consisted of (1) the testimony of the officer to whom the confession was made, (2) testimony of appellant, (3) testimony of the psychiatrist who examined appellant, (4) a signed waiver, and (5) the signed confession.

While there is a showing that appellant had some hearing deficiency and was described as "mildly" retarded, there is testimony that the officers who questioned appellant were aware of these physical deficiencies and exercised caution to be sure that he could hear and understand the communica-

tions with him. In addition, appellant testified, and the trial judge had ample opportunity to observe the extent of any deficiency in apellant's ability to hear and understand and what effect, if any, such deficiencies might have had on the making of the alleged confession.

Appellant also contends that his alleged confession was not elicited until he had been in custody for three (3) days, and that such delay in making the statement indicated that he wished to remain silent. There is, however, no showing that appellant's statement was the result of coercion by the officers.

Neither the length of custody before the confession was made, nor the physical deficiencies of the appellant, were conclusive of the issues concerning the voluntariness of the confession, but were factors to be considered by the trial judge, along with the other testimony and circumstances, in determining the admissibility of the alleged confession. We find no basis upon which to disturb the findings of the trial judge that the confession was freely and voluntarily made.

The remaining issue relates to the instructions to the jury. In defining malice, as a necessary element of the offense of assault and battery with intent to kill, the trial judge instructed the jury

> ... that the law implies malice where the deed is done with a deadly weapon such as a knife, pistol or other weapon of that nature or of that kind which when used with the intent to injure another party is calculated to produce death or serious bodily harm ... the State may prove that the deed was done with a deadly weapon and stop right there, and if it has proven that, then it has proven implied malice.

The foregoing charge to the jury impermissibly stated, in effect, that a conclusive, mandatory presumption of malice automatically arose by law upon a showing of the use of a deadly weapon. This was clearly error and violates the specific holding of this Court in cases prior to the trial of this case. *See State v. Crocker,* 272 S. C. 344, 251 S. E. (2d) 764 (1979); *State v. Mattison,* 276 S. C. 235, 277 S. E. (2d) 598 (1981). In *State v. Elmore,* S. C., 308 S. E. (2d) 781 (1983), we have more

recently outlined an exact charge on the present subject. Further disregard of the holding of the Court on this question will be inexcusable.

Accordingly, the conviction of appellant on the charge of assault and battery with intent to kill is reversed, with remand for a new trial on that charge; and the convictions and sentences of appellant on the charges of burglary and armed robbery are affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.