22122

The STATE, Respondent, v. Stanley Eugene WOODS, Appellant.

(316 S. E. (2d) 673)

Supreme Court

*Theo Walker Mitchell* and *Fletcher N. Smith, Jr.*, Greenville and *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Charles H. Richardson,* and *Sol. William B. Traxler, Jr., for respondent.*

June 5, 1984.

GREGORY, Justice:

Appellant Stanley Eugene Woods was found guilty of murder and armed robbery and was sentenced to death pursuant to S. C. Code Ann. § 16-3-20 (Cum. Supp. 1983) for murder and twenty-five years imprisonment for armed robbery. We reverse the convictions, vacate the sentences, and remand for a new trial.

Woods first contends the trial judge impermissibly

■ shifted the burden of persuasion to him to rebut the presumption of malice when he charged the jury:

Now malice is implied where one intentionally and deliberately does an unlawful act. Malice is presumed from the use of a deadly weapon but that presumption is rebuttable by evidence and the jury should consider any and all evidence that may be in a case in determining that.

He asserts the instruction constituted a mandatory rebuttable presumption rather than a permissive inference. We agree and hold the instruction constitutes reversible error. *State v. Elmore*, 279 S. C. 417, 308 S. E. (2d) 781 (1983). This trial was held before the *Elmore* opinion, in which this Court suggested an instruction on implied malice, was published; however, we have since applied the *Elmore* decision retroactively in *State v. Jennings*, 280 S. C. 62, 309 S. E. (2d) 759 (1983) and *State v. Llewellyn*, 314 S. E. (2d) 326 (1984).

Next, Woods contends the trial judge erred in allowing the introduction of evidence that he received and understood Miranda Warnings. He asserts the only reasonable inference to be drawn from this evidence is that he exercised his right to remain silent, and it is error for the prosecution to comment on post-arrest silence. *Doyle v. Ohio*, 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976). Woods additionally contends the trial judge erred in allowing the solicitor to comment upon his silence at trial, a violation of the Sixth Amendment to the United States Constitution.

An accused has the right to remain silent and the ■■ exercise of that right cannot be used against him. The State cannot through evidence or the solicitor's argument comment on the accused's failure to testify or make a statement.

Woods also contends the State should have provided ■ him with all of Woods' medical records, including those records which were missing from Woods' medical file. Obviously, if the records are lost, the State cannot provide Woods with them. The psychiatrists who attended and treated Woods testified and were fully cross-examined by Woods' counsel; therefore, any argument that he was denied the right to adequate confrontation of the witnesses against him is without merit. On retrial, Woods should be provided with all medical records which the State has in its possession.

We have considered appellant's remaining exceptions and find them without merit. We affirm those issues under Rule 23.

Reversed and remanded.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and CURTIS G. SHAW, as Acting Associate Justice, concur.