0447

In the Interest of CHRISTOPHER W., a minor Under the Age of Seventeen Years, Appellant.

(329 S. E. (2d) 769)

Court of Appeals

*Asst. Appellate Defender Stephen P. Williams,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Att. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Attys. Susan A. Lake* and *Norman Mark Rapoport,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard Jan. 28, 1985.

Decided April 22, 1985.

SHAW, Judge:

A family court found eleven year old Christopher W. guilty of arson. On appeal Christopher argues the court erred in admitting his first confession. We hold Christopher's confession was freely and voluntarily given under the totality of the circumstances; therefore, we affirm.

On October 19, 1983, a fire broke out at a church in York County. At approximately 10:00 p.m. the police arrived at the scene and found Christopher. When an officer asked why he was out past his probation curfew, Christopher unresponsively stated he did not start the fire. This officer took Christopher into custody, and, after reciting *Miranda* rights, interrogated him. At approximately 11:30 p.m. the

officer asked a dispatcher to bring a Bible. The officer testified:

> I got the New Testament. I asked Chris if he knew about God, if he understood God, and believed in God, and he told me that he did. I asked him if he was aware that the church was God's home, and he said that he did, and I opened the Bible and showed him the New Testament and laid it on the corner of the desk and asked if he knew that the Bible was about God and God's work, and he said that he did, and I asked him at the same time again had he been in that church, and he looked down at the floor, and told me that he had not been in the church. I asked him if he could put his hand on the Bible and look me in the eye and tell me that he had not been in that church. At that time Chris placed his right hand upon the desk and the Bible and looked back on the floor and said that he had not been in the church, and I said, Chris can you look at me and tell me that? And at that time, Chris said, I didn't know it was going to be that big a fire.

Christopher made a full confession to the officer in the dispatcher's presence. At approximately 8:00 a.m. the next morning Christopher confessed to another officer after being given *Miranda* rights.[1] At trial the court expressed extreme displeasure with the first officer's interrogation, but admitted the confession based on its observation Christopher is street-wise and knew his rights.

The South Carolina Supreme Court has rejected the ■ position a minor's inculpatory statement obtained in the absence of counsel, parent, or other friendly adult is *per se* inadmissible. *In re Williams*, 265 S. C. 295, 217 S. E. (2d) 719 (1975); *see also State v. Smith*, 268 S. C. 349, 234 S. E. (2d) 19 (1977). Instead, the court has adopted a totality of the circumstances test: "While the age of the individual is a

---

[1] We note under a recent United States Supreme Court case even if Christopher's first confession was obtained in violation of the Self-Incrimination Clause of the Fifth Amendment, his second confession would stand. In *Oregon v. Elstad*, _____ U. S. _____, 105 S. Ct. 1285, 84 L. Ed. (2d) 222 (1985), the Court held the guarantee against self-incrimination does not require the suppression of a confession made after proper *Miranda* warnings and a valid waiver of rights, solely becaus the police had obtained an earlier voluntary though unwarned admission from the suspect.

factor to be taken into consideration, the admissibility of a statement or confession of a minor depends upon its voluntariness, to be determined from the totality of the circumstances under which it is made." *In re Williams*, 217 S. E. (2d) at 722; *see also State v. Jennings*, 280 S. C. 62, 309 S. E. (2d) 759 (1983). Other circumstances to be taken into consideration are the minor's " 'intelligence, education, experience, and ability to comprehend the meaning and effect of his statement.' " *In re Williams*, 217 S. E. (2d) at 722 (quoting *People v. Lara*, 67 Cal. (2d) 365, 432 P. (2d) 202, 62 Cal. Rptr. 586 (1967) ). Voluntariness must be proved by a preponderance of the evidence. *Lego v. Twomey*, 404 U. S. 477, 92 S. Ct. 619, 30 L. Ed. (2d) 618 (1972); *State v. Smith*, 234 S. E. (2d) at 21.

Under the circumstances of this case we hold the preponderance of the evidence shows Christopher's confession was voluntary. Although Christopher is young, his testimony shows he is intelligent, quick, and articulate. Furthermore, Christopher, who has had several experiences with the police, testified he understood his right to remain silent and the meaning of his statement.

Affirmed.

CURETON and GOOLSBY, JJ., concur.