296 S.C. 54 (1988)
370 S.E.2d 611
The STATE, Appellant
v.
Gary L. WASHINGTON, Respondent.
22889
Supreme Court of South Carolina.
Heard March 7, 1988.
Decided July 11, 1988.
Ralph Hoisington, Deputy Sol., Charleston, for appellant.
Andrew J. Savage, III, Patricia A. Kennedy, Charleston, S.C. Office of Appellate Defense, Columbia, for respondent.
Heard March 7, 1988.
Decided July 11, 1988.
CHANDLER, Justice:
State appeals an Order suppressing statements made to police by defendant. We reverse and remand.

*55 FACTS
At an in camera hearing during trial, defendant's motion to suppress his statements for lack of voluntariness was granted. The trial judge based his ruling upon the State's failure to establish voluntariness beyond a reasonable doubt.
State contends that the standard of proof by which the Court must determine voluntariness is that of preponderance of the evidence only. We agree.

ISSUE
The sole issue is which standard of proof, beyond a reasonable doubt or preponderance of the evidence, should be applied by a trial judge in determining the voluntariness of a criminal defendant's statement.

DISCUSSION
This issue has been decided in numerous decisions of both our Court and the United States Supreme Court.
"It has been uniformly held, a confession may be introduced upon proof of its voluntariness by a preponderance of the evidence." State v. Smith, 268 S.C. 349, 354, 234 S.E. (2d) 19, 21 (1977) (Emphasis supplied).
"(T)he burden is on the State to prove by a preponderance of the evidence that his rights were voluntarily waived." State v. Neeley, 271 S.C. 33, 40, 244 S.E. (2d) 522, 526 (1978) (Emphasis supplied).
"(T)he prosecution must prove ... by a preponderance of the evidence that the confession was voluntary." Lego v. Twomey, 404 U.S. 477, 489, 92 S.Ct. 619, 627, 30 L.Ed. (2d) 618, 627 (1972) (Emphasis supplied).
See also Colorado v. Connelly, 479 U.S. 515, 107 S.Ct. 515, 93 L.Ed. (2d) 473 (1986); State v. Middleton, 295 S.C. 318, 368 S.E. (2d) 457 (1988); In re Christopher W., 285 S.C. 329, 329 S.E. (2d) 769 (Ct. App. 1985).
Defendant cites State v. Peake, 291 S.C. 138, 352 S.E. (2d) 487 (1987) to support the trial judge's application of the reasonable doubt standard in determining voluntariness of his confession. Reliance upon Peake is misplaced.
True, it is stated in Peake that "(t)he State bears the burden of proving beyond a reasonable doubt the statement *56 given was voluntary." This language, however, refers to the State's burden before the jury only. See State v. Drayton, 287 S.C. 226, 337 S.E. (2d) 216 (1985); State v. Adams, 277 S.C. 115, 283 S.E. (2d) 582 (1981).

CONCLUSION
Where voluntariness of a statement is at issue the trial judge must make an initial determination based upon the preponderance standard. If the statement is found to have been given voluntarily, it is then submitted to the jury, where its voluntariness must be established beyond a reasonable doubt.
Here, the trial judge incorrectly applied the reasonable doubt standard in determining whether to suppress the statements. Accordingly, we reverse and remand for a proper determination.
Reversed and remanded.
GREGORY, C.J., and HARWELL, FINNEY, JJ., and J.B. NESS, Acting Associate Justice, concur.