22962

Dale Robert YATES, Petitioner v. James AIKEN, Warden, CCI, and the Attorney General, South Carolina, Respondents.

(391 S.E. (2d) 530)

Supreme Court

*David I. Bruck* and *John H. Blume*, and *S.C. Office of Appellate Defense*, Columbia, *for petitioner*.

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka*, Columbia, *for respondents*.

Submitted June 6, 1988.

Decided Feb. 6, 1989.

GREGORY, Chief Justice:

This case is before us on a petition for writ of habeas corpus. We deny the petition.

In 1981 petitioner was convicted of murder, armed robbery, assault and battery with intent to kill, and conspiracy. He was sentenced to death. The convictions and sentence were affirmed on appeal to this Court. *State v. Yates*, 280 S.C. 29, 310 S.E. (2d) 805 (1982), cert. denied, 462 U.S. 1124, 103 S. Ct. 3098, 77 L. Ed. (2d) 1356 (1983).

Petitioner's subsequent application for post-conviction relief was denied by the circuit court in 1984. He then

petitioned this Court for review of that denial by way of writ of certiorari. He simultaneously petitioned for habeas corpus relief on the ground the trial judge's charge on implied malice was improper under state law[1] and under *Francis v. Franklin,* 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. (2d) 344 (1985).

This Court summarily denied the petitions. The United States Supreme Court vacated the denial of the petition for writ of habeas corpus and remanded for reconsideration in light of its decision in *Francis v. Franklin. Yates v. Aiken,* 474 U.S. 896, 106 S. Ct. 218, 88 L. Ed. (2d) 218 (1985).

On remand this Court clarified the denial of the petition under state law.[2] *Yates v. Aiken,* 290 S.C. 231, 349 S.E. (2d) 84 (1986). Dissatisfied with this Court's disposition under *Francis v. Franklin,* however, the United States Supreme Court reversed the denial of the petition for habeas corpus. *Yates v. Aiken,* 484 U.S. 211, 108 S. Ct. 534, 98 L. Ed. (2d) 546 (1988). It held *Francis v. Franklin,* which condemns a mandatory presumption regarding proof of an element of the crime, applies retroactively to cases pending on collateral review because it merely reiterates the principles announced in the 1979 decision of *Sandstrom v. Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979).[3] This case was again remanded for further proceedings consistent with the Supreme Court's opinion. 484 U.S. at 218, 108 S. Ct. at 538, 98 L. Ed. (2d) at 554.

Acquiescing in the conclusion that the trial judge's charge

---

[1] Petitioner argued that under *State v. Woods,* 282 S.C. 18, 316 S.E. (2d) 673 (1984), he was entitled to retroactive application of our decision in State v. Elmore, 279 S.C. 417, 308 S.E. (2d) 781 (1983), which barred an implied malice charge creating a mandatory rebuttable presumption rather than a permissive inference.

[2] We held retroactive application of *Elmore* is limited to cases pending on direct appeal at the time *Elmore* was decided and does not apply to collateral attacks. *See McClary v. State,* 287 S.C. 160, 337 S.E. (2d) 218 (1985).

[3] We note that under this analysis petitioner would not be eligible in federal habeas corpus proceedings to raise the mandatory presumption issue because counsel did not raise this issue under *Sandstrom* on direct appeal in state court. *Reed v. Ross,* 468 U.S. 1, 104 S. Ct. 2901, 82 L. Ed. (2d) 1 (1984); *cf. Franklin v. State,* 245 Ga. 141, 263 S.E. (2d) 666, *cert. denied,* 447 U.S. 930, 100 S. Ct. 3029, 65 L. Ed. (2d) 1124 (1980) (wherein petitioner in *Francis v. Franklin* raised mandatory presumption issue under *Sandstrom* in state court). Of course, we are constrained to accept the high court's mandate that *Francis v. Franklin* applies here.

on implied malice constituted an improper mandatory presumption, we now address whether the error is harmless beyond a reasonable doubt. We hold it is.

In *Rose v. Clark*, 478 U.S. 570, 106 S. Ct. 3101, 92 ■ L. Ed. (2d) 460 (1986), the United States Supreme Court held jury instructions that violate *Francis v. Franklin* are subject to a harmless error analysis. The reviewing court must determine whether on the whole record the erroneous mandatory presumption is harmless beyond a reasonable doubt. 478 U.S. at 583, 106 S. Ct. at 3109, 92 L. Ed. (2d) at 474. The pertinent inquiry is whether the evidence is so dispositive of the element subject to the presumption that the reviewing court can say beyond a reasonable doubt the jury would have found it unnecessary to rely on the invalid presumption. *Id.* Such an inquiry requires us to review the trial judge's charge and the facts of this case in the context of the malice element of the offenses charged.

We restate the facts as set forth in our earlier opinion in this case. Yates and his compatriot Henry Davis spent two days driving around the Greenville area looking for a store to rob. The two finally agreed upon a rural store operated by Willie Wood and entered the store. Yates, armed with a gun, and Davis, brandishing a knife, confronted Wood who was standing behind the store counter. Yates demanded money. Wood hesitated and Davis repeated the demand. Wood gave Davis approximately $3,000 in cash from the cash register. Davis then ordered Wood to lie across the counter. When Wood refused, Yates pointed his gun at Wood. Wood stepped back and raised his hands in a defensive posture. Yates fired. The bulled passed completely through Wood's hand and tore the flesh on Wood's chest.

Alerted by the noise, Wood's mother, Helen Wood, entered the store from a door leading to the adjoining post office. Wood started from behind the counter with his own gun. Davis lunged at Mrs. Wood with his knife. The three struggled together for a few moments before Wood began shooting Davis. Mrs. Wood fell to the floor from knife wounds in her chest and died within moments. Davis died at the scene from gunshot wounds.

After shooting Wood in the chest, Yates took the money from Davis and fled. Yates was not present in the store when

Mrs. Wood and Davis were killed but was waiting in the car for Davis to join him.

The State sought petitioner's conviction for the ■ murder of Mrs. Wood on the theory of accomplice liability. Under state law, if two or more parties combine together to commit an unlawful act, and in the commission of that act one party commits a homicide that is a probable or natural consequence thereof, all present participating in the unlawful act are as guilty as the one who committed the homicide. *State v. Johnson*, 291 S.C. 127, 352 S.E. (2d) 480 (1987); *State v. Crowe*, 258 S.C. 258, 188 S.E. (2d) 379 (1972); *State v. Gilbert*, 107 S. Ct. 443, 93 S.E. 125 (1917). The trial judge thoroughly and properly instructed the jury on the theory of accomplice liability. To accommodate petitioner's defense, the judge further charged that a party is not liable as an accomplice for a murder committed by the slayer as an independent act of private malice, nor is a party liable if he withdraws entirely from the unlawful act before the homicide is committed.

We do not sit as a reviewing court in this case to ■ redetermine factual findings supporting the jury's verdict that petitioner is guilty of murder under a theory of accomplice liability. Contrary to petitioner's assertions in brief, we need not revisit the purported evidence of withdrawal from the commission of the armed robbery, nor must we reexamine the conclusion that Mrs. Wood's murder was a probable or natural consequence of this unlawful act. Our singular inquiry in this case is whether it is beyond a reasonable doubt that the jury would have found it unnecessary to rely on the erroneous mandatory presumption regarding the element of malice. *Rose v. Clark*, 478 U.S. at 583, 106 S. Ct. at 3109, 92 L. Ed. (2d) at 474.

Our review of the record reveals two erroneous charges regarding implied malice. First, the trial judge charged the "willful, deliberate, and intentional doing of an unlawful act without any just cause or excuse." Second, he charged: "malice is implied or presumed from the use of a deadly weapon . . . [you are to determine] whether malice existed in the mind and heart of the killer at the time the fatal blow was struck."

Under state law, murder is defined as the killing of any person with malice aforethought, either express or implied. S.C. Code Ann. § 16-3-10 (1985). On the facts of this case, as charged by the trial judge, the element of malice relied on by the State is that of the killer, Henry Davis. We therefore focus on the facts surrounding Henry Davis' brutal multiple stabbing of Mrs. Wood. We find beyond a reasonable doubt the jury would have found it unnecessary to rely on either erroneous mandatory presumption in concluding that Davis acted with malice in killing Mrs. Wood.

The only context in which the element of malice relates to petitioner's individual acts is the offense of assault and battery with intent to kill. This offense is defined under state law as an unlawful act of a violent nature to the person of another with malice aforethought, express or implied. *State v. Hinson*, 253 S.C. 607, 172 S.E. (2d) 548 (1970). We find beyond a reasonable doubt the jury would have found it unnecessary to rely on either erroneous mandatory presumption in concluding that petitioner acted with malice when he shot Willie Wood who was in a defenseless position.

Pursuant to *Rose v. Clark* and based on our exhaustive review of the record, we hold any error under *Francis v. Franklin* is harmless beyond a reasonable doubt. The petition for writ of habeas corpus is therefore

Denied.

HARWELL and CHANDLER, JJ., concur.

FINNEY and TOAL, JJ., dissent in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. Although this court has upheld defendant Yates' conviction of murder and armed robbery and sentence of death on three separate occasions, the United States Supreme Court, after denying certiorari on Yates' direct appeal, has, on collateral review, twice reversed our decisions denying Yates' Petition for Writ of Habeas Corpus. We are again required to consider the Petition. I do not believe that the latest decision of the Supreme Court in *Yates v. Aiken*, 484 U.S. 211, 108 S. Ct. 534, 98 L. Ed. (2d) 546 (1988)

allows any further leeway on our part.

Yates and Davis robbed a store in rural Greenville County, near Tigerville in 1981. After Yates obtained the contents of the cash drawer from the proprietor at gunpoint and shot the proprietor in the hand, he fled the store. After Yates had run out of the store, the proprietor's mother then entered the store. Davis stabbed her to death and was shot to death by the proprietor. Yates was convicted of armed robbery and the murder of the proprietor's mother and sentenced to death. Intent or malice aforethought was a key element required to be proved by the State in order to convict Yates of murder. The jury was instructed "that malice is implied or presumed from the use of a deadly weapon." Yates' primary defense was that he was not in the store when the victim entered and did not intend to murder anyone.

In 1979, the Supreme Court held that an instruction which a reasonable juror could understand as mandating as a matter of law that he presume defendant's criminal intent from a given set of circumstances violates the Fourteenth Amendment in that such an instruction improperly shifts the burden of proof from the State to the defendant. Such an instruction, the Supreme Court held, requires the jury to draw conclusions as to defendant's intent from his actions and relieves the State of its burden of proving, and the jury of its burden of finding, intent beyond a reasonable doubt. *Sandstrom v. Montana,* 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. (2d) 39 (1979).

In 1983, this court held that it was error for a trial judge to instruct a jury in a case that malice is mandatorily presumed from the use of a deadly weapon. *State v. Elmore,* 279 S.C. 417, 308 S.E. (2d) 781 (1983). Prior to our decision in *Elmore,* we had affirmed Yates' conviction on direct appeal [*State v. Yates,* 280 S.C. 29, 310 S.E. (2d) 805 (1982)] and summarily denied his petition for a writ of certiorari.

In 1985, the United States Supreme Court reversed a murder conviction and death penalty sentence in *Francis v. Franklin,* 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. (2d) 344 (1985), holding that where the accused's only defense is that he did not have the required intent to kill, an instruction that intent is presumed from the use of a deadly weapon is error and cannot be considered harmless.

Shortly thereafter, the United States Supreme Court granted Yates' petition for a writ of certiorari, vacated our judgment and remanded the case to this court for reconsideration in the light of its decision in *Francis v. Franklin*. See, *Yates v. Aiken*, 474 U.S. 896, 106 S. Ct. 218, 88 L. Ed. (2d) 218 (1985).

On remand, this court held that the jury instruction at issue suffered the same infirmities present in *State v. Elmore, supra,* and *Francis v. Franklin*. We, however, declined to apply the *State v. Elmore* standard retroactively. *Yates v. Aiken*, 290 S.C. 231, 349 S.E. (2d) 84 (1986). The retroactive application of *Francis v. Franklin* and the application of *Sandstrom v. Montana* was not addressed. This court, therefore, denied the petition for a writ of habeas corpus.

In January of this year, the United States Supreme Court, in a unanimous opinion, again considered Mr. Yates' petition for habeas corpus relief in *Yates v. Aiken*, 484 U.S. 211, 108 S. Ct. 534, 98 L. Ed. (2d) 546 (1988). The Court described its first remand to this court as one "predicated entirely on the fact that petitioner's challenge to the jury instruction asserted a substantial federal question." 108 S. Ct. at 536. The Court then admonished this court for not complying with its mandate: "The portion of the state court's opinion concluding that the instruction in petitioner's case was infirm 'for the reasons addressed in *Francis*' was responsive to our mandate, but the discussion of the question whether the decision in *Elmore* should be applied retroactively was not." 108 S. Ct. at 537. Since this court failed to address whether, as a matter of federal law, the petitioner's conviction must stand in light of *Francis*, the Supreme Court analyzed the issue of the retroactivity of *Francis v. Franklin* to foreclose any further analysis by this court. The Court held that *Francis v. Franklin* was merely a reaffirmation of its holding in the 1979 *Sandstrom* opinion. In so holding, the Court rejected the retroactivity argument advanced by this court in *Yates v. Aiken*, 290 S.C. 231, 349 S.E. (2d) 84 (1986).

Without the retroactivity analysis to support this court's denial of the habeas corpus petition, it is my belief that we now are compelled to grant the petitioner a new trial since we previously concluded that the instruction in petitioner's case was constitutionally infirm under *Francis v. Franklin*. Since

we have already considered the constitutional claim on its merits, and found the charge to be violative of *Francis*, we have "a duty to grant the relief that federal law requires" as instructed by the United States Supreme Court. 108 S. Ct. at 538. The Supreme Court underscored their directive to our court by remanding *Yates* "for further proceedings not inconsistent with this opinion." 108 S. Ct. at 538.

This mandate from the United States Supreme Court does not, in my view, allow for the harmless error analysis which the majority now employs to deny the habeas corpus petition. Had the Supreme Court desired this court to engage in a harmless error analysis, I believe the Court would have so indicated in their most recent opinion. Indeed, this court recognized in *Yates v. Aiken*, 290 S.C. 231, 349 S.E. (2d) 84 (1986), in a footnote, that a violation of the principles enumerated in *Francis v. Franklin* was subject to a harmless error analysis. This court, despite the opportunity to do so, chose not to analyze the *Franklin* issue as harmless. The Supreme Court also refused to consider the harmless error analysis by not seizing on this court's reference to *Rose v. Clark*, 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. (2d) 460 (1986) in *Yates v. Aiken*, 290 S.C. 231, 349 S.E. (2d) 84 (1986). Instead, the Court reversed this court's decision for failing to comply with their mandate, that is, to analyze the issue in light of *Francis v. Franklin*. The directive from the Supreme Court to this court to "grant the relief federal law requires" mandates that we grant the petition for habeas corpus relief.

Even assuming *arguendo* that the United States Supreme Court's mandate did not preclude this court from analyzing Mr. Yates' claim under *Rose v. Clark*, then, in my opinion, we are still obliged to afford Mr. Yates a new trial because the erroneous charge which created a mandatory presumption was not harmless beyond a reasonable doubt.

Importantly, Yates' primary defense to the murder charge rested on the contention that he had withdrawn from the criminal enterprise when he left the store before Mrs. Wood entered, prior to Davis' stabbing of Mrs. Wood. Because he had withdrawn, Yates contended that Davis' malicious intent could not be imputed to him under "the hand of one, hand of all" doctrine. Although the judge charged the jury concerning the elements of withdrawal from an enterprise, he also

erroneously charged that "malice is implied or presumed from the use of a deadly weapon." The erroneous charge which implied intent from the possession of a deadly weapon countered the charge concerning withdrawal. Given an instruction that malice is presumed from the use of a deadly weapon in light of the fact that both Yates and Davis had deadly weapons, the jury easily could have focused on the deadly weapon Yates carried, a gun, instead of the weapon used by Davis, a knife. Merely possessing a gun, especially one which the jury knew Yates used to shoot Mr. Wood, would have been sufficient for the jury to conclude, by virtue of the erroneous instruction, that Yates had the requisite intent to murder. Despite the majority's contention that one must look at the intent of the killer, not that of the accomplice, the judge failed to articulate that the jury must find the killer acted with malicious intent. Thus, the jury could have mistakenly inferred from the confusing instructions that the intent required in order to prove murder was that of Yates because he carried a gun. The unconstitutional instruction which allowed the jury to presume intent, I believe, would have eclipsed Yates' defense of withdrawal, and prejudiced his right to a fair trial. Therefore, the erroneous instruction to the jury was not harmless beyond a reasonable doubt.

I would, therefore, grant the petition for habeas corpus and vacate Yates' conviction, subject to the right of the State of South Carolina to retry Yates within a reasonable period of time. Any other decision on our part simply delays further a retrial, which I believe the United States Supreme Court has mandated.

FINNEY, J., concurs.