THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Teron Hakeen
 Jackson, Appellant.
 
 
 

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-430  
 Submitted September 30, 2011  Filed
October 3, 2011

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General Brendan J. McDonald, all of Columbia; and
 Solicitor Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Teron Hakeen Jackson appeals his convictions for murder, attempted armed
 robbery, possession of a firearm during the commission of a violent crime, and possession
 of a handgun by a person under eighteen years old, arguing the circuit court
 erred in admitting his statements to police.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  State v. Rochester, 301 S.C. 196, 200, 391 S.E.2d 244, 247
 (1990) ("On appeal, the conclusion of the [circuit court] on issues of
 fact as to the voluntariness of a [statement] will not be disturbed unless so
 manifestly erroneous as to show an abuse of discretion."); State v.
 Breeze, 379 S.C. 538, 544, 665 S.E.2d 247, 250 (Ct. App. 2008) ("The
 test of voluntariness is whether a suspect's will was overborne by the
 circumstances surrounding the given statement."); State v. Smith,
 268 S.C. 349, 354, 234 S.E.2d 19, 21 (1977) (holding the "decisions are
 voluminous that the signing of a written waiver is usually sufficient" to
 find an intelligent waiver of the privilege against self-incrimination); In
 re Williams, 265 S.C. 295, 300, 217 S.E.2d 719, 721-22 (1975) (declining to
 "adopt a rule under which any inculpatory statement obtained from a minor
 in the absence of counsel, parent or other friendly adult would be [p]er se
 inadmissible"); State v. Simmons, 384 S.C. 145, 163-66, 682 S.E.2d
 19, 28-30 (Ct. App. 2009) (finding it within the circuit court's discretion to
 find officers' testimony more credible than that of the defendant in making its
 voluntariness determination).  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.