**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Brandon Fullbright, Appellant.

Appellate Case No. 2012-207553

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2014-UP-399
Heard September 10, 2014 – Filed November 12, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of South
Carolina Commission on Indigent Defense, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, Assistant
Attorney General J. Anthony Mabry, all of Columbia;
and Solicitor Christina Theos Adams, of Anderson, for
Respondent.

**PER CURIAM:** Matthew Brandon Fullbright appeals his convictions for murder and armed robbery, arguing: (1) his statements to law enforcement were obtained in violation of his right against self-incrimination and, therefore, should not have been admitted at trial; (2) his right against self-incrimination was violated by the admission of a video recording of responses he made at his arraignment hearing to a question from a family member of the victims; and (3) the danger of unfair prejudice from the video recording substantially outweighed its probative value. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether law enforcement obtained Fullbright's statements in violation of his right against self-incrimination: *Lego v. Twomey*, 404 U.S. 477, 489 (1972) (stating that when the prosecution seeks to use "a confession challenged as involuntary," it "must prove at least by a preponderance of the evidence that the confession was voluntary") (*quoted in State v. Washington*, 296 S.C. 54, 55, 370 S.E.2d 611, 612 (1988)); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("The trial judge's determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused."); *State v. Von Dohlen*, 322 S.C. 234, 243, 471 S.E.2d 689, 694-95 (1996) ("A determination of whether a confession was given voluntarily requires an examination of the totality of the circumstances."); *id.* at 243, 471 S.E.2d at 695 ("On appeal, the conclusion of the trial judge as to the voluntariness of a confession will not be reviewed unless so erroneous as to show an abuse of discretion.").

2.      As to whether Fullbright is entitled to a new trial because admission of the video recording of his arraignment violated his right against self-incrimination: *State v. Mizzell*, 349 S.C. 326, 334, 563 S.E.2d 315, 319 (2002) ("'Harmless beyond a reasonable doubt' means the reviewing court can conclude the error did not contribute to the verdict beyond a reasonable doubt."); *State v. Brooks*, 341 S.C. 57, 62-63, 533 S.E.2d 325, 328 (2000) (indicating that in deciding whether the improper admission of evidence is harmless in a criminal matter, the reviewing court is required to look at other evidence admitted at trial and determine whether competent evidence conclusively proves the defendant's guilt and could lead to no other rational conclusion); *State v. Arther*, 290 S.C. 291, 296, 350 S.E.2d 187, 190 (1986) (stating that violation of an accused's constitutional protection against self-incrimination "does not require reversal of a conviction if a review of the entire record establishes that any error was harmless beyond a reasonable doubt").

3.     As to whether the video recording should have been suppressed because the danger of unfair prejudice from admitting this evidence substantially outweighed its probative value: Rule 403, SCRE (allowing the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice"); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**