**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Charles David Hayes, Appellant.

Appellate Case No. 2016-000193

---

Appeal From Chester County
Roger E. Henderson, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-457
Submitted October 1, 2018 – Filed December 12, 2018

---

**AFFIRMED**

---

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, all for Respondent.

---

**PER CURIAM:** Charles D. Hayes appeals his convictions for possession with intent to distribute cocaine base, possession with intent to distribute marijuana, and possession of a stolen pistol, for which the trial court sentenced him to concurrent

terms of twenty, five, and three years' imprisonment, respectfully.  On appeal, Hayes argues the trial court erred in finding (1) the homeowner's consent to search her home was voluntary, (2) the officers' search did not exceed the scope of the homeowner's consent, (3) the search warrant was valid, and (4) Hayes's statements to law enforcement were voluntary.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1: *State v. Moore*, 415 S.C. 245, 251, 781 S.E.2d 897, 900 (2016) ("On appeals from a motion to suppress based on Fourth Amendment grounds, this [c]ourt applies a deferential standard of review and will reverse if there is clear error." (quoting *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 344 (2014))); *id.* ("The 'clear error' standard means that an appellate court will not reverse a trial court's finding of fact simply because it would have decided the case differently." (quoting *State v. Pichardo*, 367 S.C. 84, 96, 623 S.E.2d 840, 846 (Ct. App. 2005))); *id.* ("Rather, appellate courts must affirm if there is any evidence to support the trial court's ruling."); *State v. Wallace*, 269 S.C. 547, 550, 238 S.E.2d 675, 676 (1977) (per curiam) ("Whether a consent to search was voluntary or the product of duress or coercion, express or implied, is a question of fact to be determined from the 'totality of the circumstances.'").

2.  As to issue 2: *State v. Forrester*, 343 S.C. 637, 648, 541 S.E.2d 837, 843 (2001) ("Under our state constitution, suspects are free to limit the scope of the searches to which they consent."); *id.* ("When relying on the consent of a suspect, a police officer's search must not exceed the scope of the consent granted or the search becomes unreasonable."); *State v. Mattison*, 352 S.C. 577, 585-86, 575 S.E.2d 852, 856 (Ct. App. 2003) ("The scope of the consent is measured by a test of '"objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" (quoting *Florida v. Jimeno*, 500 U.S. 248, 251 (1991))); *Jimeno*, 500 U.S. at 251 ("The scope of a search is generally defined by its expressed object.").

3.  As to issue 3: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Carlson*, 363 S.C. 586, 595, 611 S.E.2d 283, 287 (Ct. App. 2005) ("Where an objection and the ground therefor[] is not stated in the record, there is no basis for appellate review."

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(quoting *State v. Morris*, 307 S.C. 480, 485, 415 S.E.2d 819, 823 (Ct. App. 1991))).

4.  As to issue 4: *State v. Saltz*, 346 S.C. 114, 135-36, 551 S.E.2d 240, 252 (2001) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights under [*Miranda v. Arizona*, 384 U.S. 436 (1966)].");  *id.* at 136, 551 S.E.2d at 252 ("If a defendant was advised of his *Miranda* rights, but nevertheless chose to make a statement, the 'burden is on the State to prove by a *preponderance of the evidence* that his rights were voluntarily waived.'" (quoting *State v. Washington*, 296 S.C. 54, 370 S.E.2d 611 (1988)));  *id.* ("The trial [court's] determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused.");  *id.* ("If a suspect's will is overborne and his capacity for self-determination critically impaired, use of the resulting confession offends due process.");  *id.* ("The trial court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion.");  *id.* ("When reviewing a trial court's ruling concerning voluntariness, this [c]ourt does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence.").

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**