**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Chad Lavictor Simmons, Appellant.

Appellate Case No. 2022-001729

―――――――――――

Appeal From Charleston County
Donald B. Hocker, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-407
Submitted November 1, 2025 – Filed December 10, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Sarah Elizabeth Shipe, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Mark Reynolds
Farthing, both of Columbia; and Solicitor Scarlett Anne
Wilson, of Charleston, all for Respondent.

―――――――――――

**PER CURIAM:** Chad Lavictor Simmons appeals his conviction for assault and battery of a high and aggravated nature (ABHAN) and sentence of fourteen years' imprisonment. On appeal, Simmons argues the trial court erred in admitting (1)

recordings of his interviews with law enforcement because his statements were not given knowingly, intelligently, and voluntarily and (2) two portions of a recording of the victim's 911 call because the danger of unfair prejudice substantially outweighed any probative value. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in admitting recordings of Simmons's interviews with law enforcement. *See State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990) ("On appeal, the conclusion of the trial [court] on issues of fact as to the voluntariness of a confession will not be disturbed unless so manifestly erroneous as to show an abuse of discretion."); *State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[W]e . . . review the trial court's factual findings regarding voluntariness for any evidentiary support. However, the ultimate legal conclusion—whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review."). We hold that under the totality of the circumstances, Simmons voluntarily waived his *Miranda*[1] rights and spoke with law enforcement during both interviews. He was offered food and drinks at the onset of his interviews, was informed of his rights and verbally indicated he understood said rights, signed a form indicating he understood his rights, agreed to speak with law enforcement, and reinitiated conversation with law enforcement on both occasions, and both interviews only lasted approximately two to three hours. *See State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("If a defendant was advised of his *Miranda* rights, but nevertheless chose to make a statement, the 'burden is on the State to prove by a *preponderance of the evidence* that his rights were voluntarily waived.'" (quoting *State v. Washington*, 296 S.C. 54, 55, 370 S.E.2d 611, 612 (1988))); *id.* ("The trial [court]'s determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances, including the background, experience, and conduct of the accused."); *State v. Miller*, 375 S.C. 370, 386, 652 S.E.2d 444, 452 (Ct. App. 2007) ("[A]ppropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."). Further, the fact that the officer did not inform Simmons of the reason for his interrogation did not render his statement involuntary, and although the officer told Simmons she knew he was at the scene of the crime, these suggestions did not amount to threats or coercion. *See State v. Crawley*, 349 S.C. 459, 464, 562 S.E.2d 683, 686 (Ct. App. 2002) ("[A] valid waiver does not require that an individual be informed of all information 'useful' in making his decision . . . ." (quoting *Colorado v.*

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Spring*, 479 U.S. 564, 576 (1987))); *id.* (finding the defendant's "ignorance regarding the subject does not make her confession inadmissible"); *Rochester*, 301 S.C. at 200, 391 S.E.2d at 246 ("[T]he confession may not be 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of improper influence.'" (second and third alterations in original) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976))).

2. We hold the trial court did not abuse its discretion in admitting two portions of the recording of the victim's 911 call because the probative value was not substantially outweighed by the danger of unfair prejudice. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Taylor*, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) ("[I]n order for this [c]ourt to reverse a case based on the erroneous admission or exclusion of evidence, prejudice must be shown."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). The two portions of the recording had probative value in corroborating the victim's and other witnesses' testimonies and served as a real time account of the events, even if the primary defense was not to discredit the witnesses. *See State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case. It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."). Furthermore, although the recording contained the victim's screams and cries throughout its duration, her reaction was not unexpected of someone strangled in the night and, although prejudicial, it was not *unfairly* prejudicial such that it suggested a decision on an improper basis. *See State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009) ("Unfair prejudice means an undue tendency to suggest decision on an improper basis."); *State v. Davis-Kocsis*, 443 S.C. 127, 136, 903 S.E.2d 491, 495 (2024) (finding there was a very low danger of unfair prejudice in the admission of the recording of a 911 call in which the caller recently watched her friend die because, although emotional, it was not so provocative that it amounted to unfair prejudice and it "would be of no surprise to the jury" that someone in such a position would be emotional).

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.